Filed 4/17/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>       v.<br><br>ROLAND ALFRED BERRY,<br><br>   Defendant and Appellant. | G049483<br><br>(Super. Ct. No. 99NF2770)<br><br>O P I N I O N |

Appeal from a order of the Superior Court of Orange County, Gary S. Paer, Judge. Reversed and remanded.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Defendant Roland Alfred Berry appeals from the dismissal of his petition for recall of his indeterminate life sentence under Penal Code section 1170.126 (all further statutory references are to this code), which was enacted as part of the Three Strikes Reform Act (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 6, at pp. 109-110; hereafter Voter Information Guide.)  Defendant was sentenced to an indeterminate life term in 2000, following his guilty plea to counts alleging (1) possession of a fraudulent check (§ 476) and (2) possession of a forged driver's license (§ 470, subd. (b)).

The court's dismissal of defendant's petition was based on a determination he was ineligible for resentencing relief because he was armed with a firearm during his commission of the offenses to which he pleaded guilty.  Defendant contends this was error for several reasons, all stemming from the fact that the counts alleging he was in possession of a firearm had been *dismissed* in conjunction with his plea agreement.  Among other things, defendant argues that the initial determination of an inmate's *eligibility* for recall of his sentence under subdivision (e) of section 1170.126 must be based upon the *convictions* the indeterminate sentence is being *served for* (§ 1170.126, subd. (e)(1)), the offenses for which the "inmate's current sentence was . . . *imposed*" (§ 1170.126, subd. (e)(2), italics added), and the inmate's "prior *convictions*" (§ 1170.126, subd. (e)(3), italics added).  None of those things can be established by reference to the evidence underlying *dismissed* counts.

The Attorney General's initial response to this appeal is a claim the order dismissing defendant's petition is not appealable because the dismissal does not affect his "'substantial rights.'"  Although this may have been an arguable assertion when the Attorney General's brief was filed, our Supreme Court has since rejected it and concluded such dismissals are appealable.  (*Teal v. Superior Court* (2014) 60 Cal.4th 595.)

2

On the merits, we agree with defendant. The resentencing provisions of section 1170.126 are "intended to apply exclusively to persons . . . *whose sentence under this act would not have been an indeterminate life sentence*." (§ 1170.126, subd. (a), italics added.) Thus, the basic premise of section 1170.126 is that an inmate who is serving an indeterminate life sentence under prior versions of the "Three Strikes" law (§§ 667, 1170.12), but whose convictions and related factual findings would not have warranted such a sentence under the revised provisions of the Three Strikes Reform Act passed by the voters, is *eligible* to seek a recall of that earlier sentence. However, under the two-part analysis required by section 1170.126, an eligible inmate will not be granted resentencing relief if the court determines, in its discretion, that "resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) It is in making the latter determination that a trial court would properly expand its inquiry to factual matters beyond the scope of defendant's earlier convictions and the offenses for which the original sentence was imposed.

Because the trial court in this case relied on the evidence underlying the dismissed counts in assessing defendant's *eligibility* for resentencing – counts on which defendant was neither convicted nor had sentence imposed – it erred in dismissing his petition. The case is remanded for the court to determine whether defendant would pose an unreasonable risk of danger to the public safety.

FACTS

Defendant was originally sentenced to an indeterminate life term after he pleaded guilty to one count of possession of a fraudulent check (§ 476) and one count of possession of a forged driver's license (§ 470, subd. (b)). His plea followed the dismissal of seven other counts, including some alleging his unlawful possession of a firearm.

3

In our earlier opinion affirming defendant's sentence, we summarized the evidence underlying the counts alleged against defendant, and his plea:  "While having a motel under surveillance, a police officer saw defendant walk to the rear of a Cadillac, open its trunk, and reach inside.  Defendant then got into a Toyota, which had been stolen.

"The officers followed the Toyota and subsequently made a traffic stop and arrested defendant.  Upon his arrest, defendant presented the officers with a California driver's license that contained his photo, but showed his name as 'James Alan Sinnena.'  Upon searching defendant, the officers found a check payable to 'James A. Sinnena' and two credit cards, one in the name of 'Tracy J. Sinnena' and the other in the name of 'Sean E. Tannler.'  Defendant admitted he intended to use the license and credit cards to cash the check.  Using keys found in defendant's pocket, one of the officers searched the Cadillac's trunk and found a briefcase.  It contained a loaded firearm and two baggies containing what appeared to be methamphetamine.  While searching the motel room, which had been occupied by defendant, the officers found more methamphetamine, drug paraphernalia, and another loaded handgun.

"The amended information contained nine counts:  (1) possession of methamphetamine (Health and Saf. Code, § 11377, subd. (a)), (2) possession of a fraudulent check (§ 476), (3) possession of a forged driver's license (§ 470b), (4) falsely identifying himself to a peace officer (§ 148.9, subd. (a)), (5) felon in possession of a firearm (§ 12021, subd. (a)(1)), (6) possession of methamphetamine with a firearm (Health and Saf. Code, § 11370.1, subd. (a)), (7) felon having possession of a concealed weapon in a vehicle (§ 12025, subds. (a)(3), (b)(1)), (8) felon carrying a loaded firearm in a vehicle (§ 12031, subds. (a)(1), (2)(A), and (9) felon in possession of a firearm (§ 12021, subd. (a)(1)).  The information further alleged that counts 1 through 3 and 5 through 9 were committed while defendant was released on his own recognizance (§ 12022.1), that defendant had been convicted of three serious or violent felonies

4

(§§ 667, subds. (d), (e)(2), 1170.12, subds. (b), (c)(2)), and that defendant had served two [prior] prison terms (§ 667.5, subd. (b)). [¶] . . . [¶]

"Defendant pleaded guilty to counts 2 (possession of a fraudulent check) and 3 (possession of a forged driver's license). He also admitted to the special allegations (three serious or violent prior felonies and two prison terms). On the prosecution's motion, the court dismissed counts 1 and 4 through 9. The court denied defendant's motion to strike his prior felony convictions and sentenced him to 25 years to life on count 2; the court stayed sentence on count 3 and struck the prior prison terms." (*People v. Berry* (Jun. 30, 2003, G030627) [nonpub.opn.].)

Defendant filed his petition for recall of his sentence in April 2013. He alleged he was eligible for recall of his sentence based on his current commitment offense and prior strike convictions, and that resentencing him would not pose an unreasonable risk of danger to public safety.

The prosecutor opposed the petition, arguing that defendant was ineligible for relief because "his third strike offense [possession of a fraudulent check] was conducted while 'armed' with a loaded [.]22 caliber firearm and other deadly weapons" and that commission of such an offense is a disqualifying factor under subdivision (e)(2) of section 1170.126. Defendant responded to the prosecutor's assertion by pointing out that disqualification under subdivision (e)(2) required that an inmate's current sentence have been *imposed* for the referenced armed offense, which was not the case here.

The trial court agreed with the prosecutor, concluding that when "faced with evaluating eligibility under Prop. 36, the phrase 'armed with a firearm' [must] be liberally construed because . . . Prop. 36 must be liberally construed in favor of protecting the health, safety, and welfare of the people of the State of California . . . ." The court stated that because the resentencing remedy under section 1170.126 was new, it was important to make a record of the basis on which it determined defendant was ineligible for relief. The court concluded that in assessing eligibility, it could properly examine the

5

entire record in the case, including "the probation and sentencing report," the "preliminary hearing testimony," and the "court of appeal decision" in determining whether defendant had been armed with a firearm during his commission of the offense for which he was sentenced – possessing a fraudulent check.

And based on that evidence, the court found that defendant had been "armed" with the firearm described as being located within the briefcase in the trunk of the Cadillac, during commission of his possession of the fraudulent check.

"Defendant was observed walking up to a Cadillac. Defendant had a key in his possession, [with] which he opened the trunk. He reaches inside the trunk while the trunk is up. Defendant shuts the trunk and leaves in another car. And then he's stopped immediately in the other car, and he's found in possession of a false driver's license on his person. [¶] . . . [¶] Inside the trunk, there was a loaded .22 caliber pistol. . . . Inside the briefcase, there were two loaded magazines. . . . Also inside the briefcase, there was a photo of the defendant . . . . [¶] . . . [¶] This is a no-brainer. These facts directly show that the defendant was in possession of the car and the items inside the trunk. He had dominion and control of the car and all of its contents. [¶] . . . [¶] So when defendant opened up the trunk and reached inside where the briefcase was, he was armed with a firearm under California law because he had the .22 caliber pistol available for use in either offense or defense."

DISCUSSION

1. *The Resentencing law*

Section 1170.126 was enacted by voter initiative in 2012, as part of the Three Strikes Reform Act. (Voter Information Guide, *supra,* text of Prop. 36, § 6, at pp. 109-110.) Among the stated purposes of the initiative, as explained to voters, was to "[r]estore the Three Strikes law [sections 667 and 1170.12] to the public's original

6

understanding by requiring life sentences only when a defendant's current conviction is for a violent or serious crime" and to "[m]aintain that repeat offenders convicted of non-violent, non-serious crimes like shoplifting and simple drug possession will receive twice the normal sentence instead of a life sentence." (*Id.* § 1, at p. 105.)

In accordance with those goals, section 1170.126 provides persons who were previously sentenced to indeterminate life terms under an earlier version of the "Three Strikes" law the opportunity to petition for recall of their sentences and resentencing to the term that would have been imposed for their crime under the revised Three Strikes law passed by the voters in the form of Proposition 36. Thus, section 1170.126, subdivision (a) states that it is intended to apply only to those "persons presently serving an indeterminate term of imprisonment . . . whose sentence *under this act* would not have been an indeterminate life sentence." (Italics added.) And subdivision (b) specifies that the relief to be obtained through a successful petition is "resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of section 1170.12, as those statutes have been amended by the act that added this section."

Consequently, the initial inquiry under section 1170.126 is whether an inmate who is already serving an indeterminate life sentence under the Three Strikes law, *would have been sentenced* to that same indeterminate life term under the revised sentencing provisions of the Three Strikes Reform Act. And the petition to recall the indeterminate life sentence is required to specify the exact basis for its imposition: "[t]he petition . . . shall specify all of the currently charged felonies, *which resulted in the sentence* under paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, or both, and shall also specify all of the prior convictions *alleged and proved* under subdivision (d) of Section 667 and subdivision (b) of Section 1170.12." (§ 1170.126, subd. (d), italics added.)

7

Subdivision (e) of section 1170.126 then details which inmates are "eligible" for resentencing, based upon *what they were sentenced for originally*. The first requirement is that "[t]he inmate is serving an indeterminate term of life imprisonment *imposed* pursuant to [the Three Strikes law] *for a conviction* of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1), italics added.)

The second requirement is that "[t]he inmate's current sentence *was not imposed for* any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2), italics added.)

And the third requirement relates to prior convictions, specifying that the eligible inmate "has no *prior convictions* for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(3).)

If the inmate meets these basic eligibility requirements, he or she must be resentenced in accordance with section 667, subdivision (e)(1) and section 1170.12, subdivision (c)(1) – i.e., to twice the term otherwise provided as punishment for the current felony – "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) Therefore, whether an *eligible* inmate actually *obtains* resentencing relief will depend upon the court's discretionary assessment of the inmate's dangerousness.

However, in keeping with the overarching purpose of the Three Strikes Reform Act, which was to retreat from the required imposition of unduly long sentences against "repeat offenders convicted of non-violent, non-serious crimes" under the prior Three Strikes law (Voter Information Guide, *supra,* text of Prop. 36, § 1, at p. 105),

8

section 1170.126 also specifies that "[u]nder no circumstances may resentencing under this act result in the imposition of a term longer than the original sentence." (§ 1170.126, subd. (h).) Thus, the statute is intended solely to provide inmates with an opportunity to have their sentences reduced.

And in light of that clear intent, we cannot endorse the trial court's apparent belief that the mandate requiring the Three Strikes Reform Act to be liberally construed to effectuate "the protection of the health, safety, and welfare of the people of the State of California" (Voter Information Guide, *supra*, text of Prop. 36, § 7, at p. 110) means that all provisions defining an inmate's *eligibility* for resentencing under section 1170.126 must be construed against finding the inmate eligible. While we acknowledge that an important goal of the Three Strikes Reform Act is to prevent dangerous criminals from being released from prison early, that concern is not directly implicated in the initial determination of an inmate's *eligibility* for resentencing. It is only after an inmate is deemed eligible under subdivision (e) of section 1170.126 that the trial court undertakes the required assessment of that inmate's *dangerousness* pursuant to subdivisions (f) and (g) of the statute. No eligible inmate who is determined by the court to "pose an unreasonable risk of danger to public safety" (§ 1170.126, subd. (f)) will be entitled to resentencing.

*2. Reliance on Evidence Underlying Dismissed Counts to Establish Ineligibility*

Defendant contends the trial court erred by relying on evidence underlying dismissed counts of firearm possession in assessing his eligibility for recall of his indeterminate life sentence under section 1170.126. We agree.

The trial court based its determination of ineligibility on subdivision (e)(2) of section 1170.126, which specifies that one of the criteria for eligibility is that "[t]he inmate's current sentence *was not imposed for* any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667

9

or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2), italics added.) Among those cross-referenced offenses is that "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) The trial court found, based upon evidence admitted at defendant's preliminary hearing, that he had been armed with a firearm during the commission of his felony fraudulent check possession.

However, while such an arming analysis might have been appropriate in a case where the defendant's conviction and sentence were based – at least in part – on his *possession* of a firearm (see, e.g., *People v. Elder* (2014) 227 Cal.App.4th 1308 (*Elder*); *People v. Blakely* (2014) 225 Cal.App.4th 1042 (*Blakely*); and *People v. Osuna* (2014) 225 Cal.App.4th 1020 (*Osuna*)), it was not appropriate here, where all allegations involving firearm possession were dismissed as part of defendant's plea agreement. It is well-settled under California law that in cases involving plea agreements, it is "improper and unfair to permit the sentencing court to consider any of the facts underlying [a] dismissed count . . . for purposes of aggravating or enhancing defendant's sentence." (*People v. Harvey* (1979) 25 Cal.3d 754, 758.) As our Supreme Court explained in *Harvey*, the implicit agreement underlying a plea bargain "is the understanding (in the absence of any contrary agreement), that defendant will suffer no adverse sentencing consequences by reason of the facts underlying, and solely pertaining to, the dismissed count." (*Ibid.*)

Consequently, in the circumstances of this case, there can be no question that the sentence imposed on defendant was unrelated to his alleged possession of a firearm. Thus, he cannot be deemed ineligible for recall of his sentence on the basis that his sentence was imposed for an offense he committed while armed with a firearm.

10

The Attorney General relies on *Elder, Blakely*, *Osuna*, and *People v. Guilford* (2014) 228 Cal.App.4th 651 (*Guilford*), for the proposition that the trial court is free to consider "the entire record of the qualifying conviction(s) to determine a defendant's eligibility [for recall of sentence.]"  However, all of those cases are distinguishable, and even assuming we have no quarrel with the general proposition relied upon by the Attorney General, it was misapplied here.

What distinguishes this case from *Elder, Blakely*, *Osuna*, and *Guilford* is that in each of those cases, the trial court evaluated the record *of the qualifying conviction* to ascertain whether the facts underlying *that conviction* reflected the defendant was ineligible for relief under subdivision (e)(2) of section 1170.126.  Thus, in *Elder, Blakely* and *Osuna,* the qualifying conviction was the defendant's *possession* of a firearm.  The courts then looked to the circumstances of that possession to determine whether they demonstrated the defendant had been *armed* during his possession of the firearm.  (See *People v. Bland* (1995) 10 Cal.4th 991, 997 ["A defendant is *armed* if the defendant has the specified weapon available for use, either offensively or defensively"].)  And in *Guilford*, the qualifying conviction was the defendant's commission of domestic violence against his wife, and the court looked at the severity of the injuries inflicted on the victim during that incident, including a broken nose, swollen lip, a bruised chin, and red fingerprints on her neck to determine the offense had been inflicted with the "inten[tion] to cause great bodily injury."  (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

Moreover, in making that determination, the court in *Guilford* expressly equated this factual assessment to the similar inquiry which can be made in cases where it is unclear if a defendant's prior conviction qualifies as a "strike" for purposes of the Three Strikes law sentencing provisions, and then relied on *People v. Woodell* (1998) 17 Cal.4th 448 (*Woodell*), to demonstrate the proper scope of such an inquiry.  (*Guilford, supra,* 228 Cal.App.4th at p. 660.)  And as *Woodell* makes clear, such an inquiry must focus on the evidence underlying the offense for which defendant was previously

11

*convicted* in assessing whether that conviction appears to satisfy the required elements of a strike, and not on assessing what *other* offenses might also have been supported by the evidentiary record: "Because the nature of the *conviction* is at issue, the prosecution is not allowed to go outside the record of conviction to 'relitigat[e] the circumstances of a crime committed years ago.'" (*Woodell,* at p. 459.) Instead, "the ultimate question is, of what crime was the defendant *convicted*." (*Ibid*.)

If we applied those parameters here, we would conclude the trial court went outside defendant's "record of conviction" when it based its assessment of defendant's eligibility for resentencing on evidence of firearm possession that was wholly unrelated to the counts on which defendant was *convicted*. Defendant's conviction was based solely upon his guilty plea, and that plea was limited to the counts alleging possession of a fraudulent check and a forged driver's license. Any evidence that defendant also possessed a firearm played no part in his conviction. And, as we have already explained, the dismissed counts alleging firearms possession could not legally have formed the basis of any sentence imposed on him.

Moreover, if it were appropriate for the court to rely on *dismissed* firearm counts in evaluating an inmate's eligibility for resentencing under section 1170.126, it would seem the court might also consider firearm counts on which the defendant had actually been *acquitted*. After all, both dismissed counts and acquittals play the same role in a defendant's record *of conviction*, and a jury's inability to find a defendant guilty of firearm possession beyond a reasonable doubt at trial would not automatically preclude the court from determining, *by a lower preponderance of the evidence standard* in a later proceeding, that he was. (*In re Dunham* (1976) 16 Cal.3d 63, 67 ["'An acquittal is merely an adjudication that the proof at the prior proceeding was not sufficient to overcome all reasonable doubt of the guilt of the accused'"].) We have no trouble concluding that it would be inappropriate to do so.

12

Because the trial court erroneously relied on evidence underlying dismissed counts of firearm possession in assessing defendant's eligibility for resentencing under section 1170.126, its order dismissing defendant's petition for recall of his sentence must be reversed.

*3. Right to Jury Trial*

Defendant also argues that in the absence of either his admission of firearm possession or a jury's finding against him on that issue, it could not be relied upon as a basis for finding him ineligible for resentencing under section 1170.126. According to defendant "[t]his disqualifying offense effectively sets a minimum sentence within the meaning of *Alleyne v. United States* (2013) [570] U.S. __, 133 S.Ct. 2151," and thus he was "entitled to a jury determination of that fact beyond a reasonable doubt." The assertion is unpersuasive because as many other courts have already pointed out, the ruling that a defendant is ineligible for resentencing does not expose him to any potential increase in his sentence. (§ 1170.126, subd. (h) ["Under no circumstances may resentencing under this act result in the imposition of a term longer than the original sentence"].) Thus, section 1170.126 qualifies as an act of legislative lenity, which does not trigger Sixth Amendment right to a jury determination of disputed facts. (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1304; see *Blakely, supra*, 225 Cal.App.4th at pp. 1060-1061.)

More to the point, the "minimum sentence" defendant posits as being "set" by the disqualifying offense refers to the indeterminate life sentence which was previously imposed against him in accordance with the law, and which would remain *unchanged* as a result of a determination he is ineligible for resentencing under section 1170.126. No adverse finding made in the petition proceeding can be viewed as "setting" that life sentence.

13

DISPOSITION

The order dismissing defendant's petition is reversed. The case is remanded to the superior court with directions to determine whether resentencing defendant would pose an unreasonable risk of danger to public safety, in accordance with section 1170.126, subd. (f).

**CERTIFIED FOR PUBLICATION**


                                        RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.

14