Filed 9/1/15  P. v. Ward CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHNNY LADELL WARD,<br><br>    Defendant and Appellant. | F068579<br><br>(Merced Super. Ct. No. SUF25440)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Marc A. Garcia, Judge.

Marcia C. Levine, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Kane, Acting P. J., Detjen, J. and Franson, J.

## INTRODUCTION

Appellant Johnny Ladell Ward was sentenced to an indeterminate third strike term, and this court affirmed his convictions on appeal. In 2012, appellant filed a petition for recall and resentencing pursuant to Penal Code[1] section 1170.126 (Proposition 36). The superior court found he was ineligible for resentencing because he was armed with a firearm during the commission of the underlying offenses and reached that finding based on the facts contained in this court's appellate opinion, which had affirmed his convictions.

Appellant has filed an appeal from the superior court's denial of his petition for recall. His appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) By letter of March 28, 2014, we invited appellant to submit additional briefing. Appellant has filed supplemental briefs and argues his petition should have been granted, and the superior court improperly relied on this court's appellate opinion in his first appeal to find he was ineligible for resentencing. We reject his arguments and affirm.

## FACTUAL AND PROCEDURAL HISTORY[2]

"Shortly after midnight on October 14, 2000, a patron at the Trail's End bar told the doorman and bouncer, Billy Magar, that a man had been 'flashing' a gun to others. Magar told the owner to call the police, which she did. Merced Police Officers Richard Howard and Don King responded to the call and were informed that the man with the gun

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] In this appeal, this court granted appellant's request to take judicial notice of our nonpublished opinion in *People v. Ward*, November 21, 2002, F038511, which modified his sentence and otherwise affirmed his convictions. On our own motion, we also take judicial notice of the entire appellate record in case No. F038511. The following factual and procedural history for defendant's underlying convictions are from these judicially noticed materials.

was wearing a Pendleton shirt and a fishing hat. The officers found appellant's sister, Collette Presley, standing in the doorway to the men's room yelling at someone inside the restroom. After Officer Howard moved Presley out of the way, he found appellant and Lamel Winzer inside the restroom. They appeared to be arguing. Appellant was wearing a Pendleton shirt and a fishing hat.

"Officer Howard told appellant he was investigating a report that someone had a gun. Appellant told Howard that he had something and asked Howard to let him 'get rid of it.' Officer Howard found a .32-caliber semi-automatic handgun loaded with a nine-round clip tucked into the waistband of appellant's pants. He also found six foil-wrapped rocks of cocaine inside a pack of Basic brand cigarettes located in appellant's shirt pocket. Officer Howard opined that the amount and separate packaging of the cocaine indicated it was possessed for the purpose of sale.

"Officer Howard further testified that appellant volunteered an explanation of why he possessed the gun. He told Howard that he had argued with two men. Appellant fished the gun out of the restroom's trash can after one of the men threw it there.

"**Defense Evidence**

"Appellant and Presley testified regarding the events leading up to the charged incident. Appellant met up with his sister, his girlfriend, and another female friend. Presley bought two packs of Newport brand cigarettes for herself and appellant. Appellant only smokes Newport cigarettes. The group also had a few drinks before arriving at the Trail's End bar.

"Presley testified that she had a gun in her purse because she had been harassed by a stalker in the previous months and she feared for her life. She encountered Winzer outside the bar and ended up in a heated confrontation with him regarding an altercation Winzer had with Presley's husband several years ago. Presley held her gun at her side during the argument because she was fearful that Winzer might hit her.

3.

"Someone in the bar told appellant that his sister was behaving foolishly outside the bar. He went to investigate. Appellant found Presley with a gun in her hand, arguing with Winzer. Appellant took the gun from Presley because he was afraid she might shoot Winzer. He put the gun in his waistband and took it to the bathroom to unload and get rid of it. Winzer did not see the gun. Winzer walked to the bathroom with appellant, talking casually.

"Appellant and Winzer then heard Presley approaching the bathroom, yelling at Winzer. Appellant entered the restroom first, attempting to conceal the gun from Winzer. The clip was stuck inside the weapon, so appellant put the gun back in his waistband. The police then arrived, searched appellant, and found the gun. Appellant did not know where the pack of Basic cigarettes came from. He had left his pack of Newport cigarettes at the bar. Appellant denied having told Officer Howard that he retrieved the gun from a trash can." (*People v. Ward*, supra, F038511, at p. 3.)

**Charges and Convictions**

As a result of this incident, appellant was charged with count I, possession of a firearm by a felon (§ 12021, subd. (a)(1)); count II, possession of ammunition by a felon (§ 12316, subd. (b)(1)); and count III, possession for sale of cocaine base (Health & Saf. Code, § 11351.5).

As to count III, it was alleged he possessed cocaine base while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)).[3] As to all counts, it was alleged he had two prior serious or violent felony convictions for robbery and attempted robbery (§ 1170.12, subd. (c)(2)(A)) and served two prior prison terms. (§ 667.5, subd. (b)). Appellant pleaded not guilty and denied the allegations.

---

[3] As we will explain below, this allegation was improperly pleaded as an enhancement, whereas Health and Safety Code section 11370.1, subdivision (a) states a separate substantive offense.

4.

After a jury trial, appellant was convicted as charged of counts I and II. As to count III, the jury found appellant not guilty of possession for sale and guilty of the lesser included offense of possession of cocaine base. The jury found true the special allegation as to count III, that appellant possessed cocaine base while in possession of a firearm (Health & Safe. Code, § 11370.1, subd. (a)). The jury also found the prior conviction allegations true.[4]

On July 10 and 17, 2001, the court denied appellant's motion to dismiss the prior strike convictions, and sentenced him to three consecutive third strike terms of 25 years to life, for a total term of 75 years to life; plus three years for the Health and Safety Code section 11370.1, subdivision (a) firearm finding.

## Dismissal of the Firearm Allegation

On January 14, 2002, the trial court held another sentencing hearing because it had been notified by the California Department of Corrections about an error as to the Health and Safety Code section 11370.1, subdivision (a) finding, that appellant possessed a firearm while in possession of cocaine base. The court stated that statute defined a separate substantive offense and not an enhancement, and it was improperly alleged and found true as an enhancement to count III, possession of cocaine base. The prosecutor acknowledged the pleading error and moved to dismiss the "enhancement." The prosecutor asked the court to prepare an amended abstract of judgment. The court granted the motion and dismissed the jury's finding.

On February 5, 2002, the superior court filed an amended abstract of judgment which reflected that appellant was sentenced to three consecutive terms of 25 years to life for the substantive charges. The Health and Safety Code section 11370.1 finding, and the three year term imposed therein, were deleted from the abstract.

---

[4] The prior prison term allegations were not pursued, apparently because their age put them outside of the section 667.5, subdivision (b), five-year "wash-out" provision. (*People v. Ward*, *supra*, F038511.)

**Appellant's Appeal and Resentencing**

Appellant filed a timely notice of appeal of his convictions. On November 21, 2002, this court filed the nonpublished opinion in appellant's appeal. We rejected appellant's arguments that the court had a sua sponte duty to instruct the jury on the defense of necessity as it related to his possession of the firearm, and his alternative argument that his attorney was ineffective for failing to request the instruction.

However, we found the court improperly sentenced appellant for both count I, possession of a firearm by a felon, and count II, possession of ammunition by a felon, and held the sentence for count II should have been stayed pursuant to section 654. (*People v. Ward*, *supra*, F038511.)[5]

On February 19, 2003, the superior court resentenced appellant. It stayed the third strike term for count II, and modified appellant's aggregate sentence to 50 years to life.

**Proposition 36**

"On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section 1170.126 (hereafter the Act). The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. (§§ 667, 1170.12.) The Act also created a postconviction release proceeding

---

[5] In his opening appellate brief, appellant also asserted the jury's finding on the Health and Safety Code section 11370.1 allegation should be reversed for insufficient evidence because the prosecution failed to prove the weapon was operable. As explained above, the superior court dismissed the finding because of the pleading error, and this court did not address the issue.

whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167–168, quoting § 1170.126, subd. (f).)

As relevant to this case, a defendant is statutorily ineligible for resentencing under the Act if, "[d]uring the commission of the current offense, defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§ 667, subd. (e)(2)(C)(iii); § 1170.12, subd. (c)(2)(C)(iii); § 1170.126, subd. (e)(2); *People v. White* (2014) 223 Cal.App.4th 512, 523.)

**Petition for Recall**

On or about February 1, 2013, appellant, represented by counsel, filed a petition in the superior court for recall of his sentence and a new sentencing hearing pursuant to section 1170.126. Appellant argued he was eligible for resentencing because his convictions were not serious or violent felonies, and his prior strike convictions did not render him ineligible. Appellant asserted he should be resentenced to a second strike determinate term of 48 months, which would constitute time served and require his immediate release.

On August 13, 2013, the district attorney filed opposition and argued appellant was ineligible for resentencing because he was armed with a firearm during the commission of the offenses, as defined by section 667, subdivision (e)(2)(C)(iii). The district attorney cited the factual statement from this court's nonpublished opinion, which "unequivocally documents that [appellant] was armed with a firearm during the commission of those offenses." In the alternative, the district attorney argued appellant was ineligible because of his lengthy juvenile and adult record and prison disciplinary record.

On November 1, 2013, appellant filed a reply and argued the superior court's determination of his eligibility was limited to the bare fact of his convictions. Appellant argued the court could not rely on the underlying record of conviction, and that any facts which rendered him ineligible for resentencing under the Act had to be pleaded and proved, and found true by a jury.

## Denial of Petition for Recall

On December 12, 2013, the court held a hearing on appellant's petition and denied relief. The court found appellant was ineligible for resentencing under section 1170.126 because he was armed with a firearm in the commission of the offenses, based on the factual and procedural history stated in this court's appellate opinion which had affirmed his convictions. The superior court rejected appellant's argument that disqualifying facts had to be pleaded or proved, and instead held the entire record of conviction could be reviewed to determine if he was armed with a firearm and thus ineligible for resentencing.

## Current Appeal

On December 16, 2013, appellant filed a timely notice of appeal from the denial of his petition for recall and resentencing, which is the matter now before this court (case No. F068579).

On March 28, 2014, appellate counsel filed a *Wende* brief with this court. On the same date, we invited appellant to submit additional briefing.

On April 17, 2014, appellant filed a brief in pro.per. in response to this court's letter.

On April 18, 2014, this court granted appellant's request and took judicial notice of this court's nonpublished opinion in his previous appeal, *People v. Ward*, *supra*, F038511, which the superior court relied on to deny appellant's petition.

8.

On September 4, 2014, appellant filed further briefing which this court accepted as relevant to this appeal.[6]

## DISCUSSION

As noted above, appellant has filed two briefs with this court. Appellant contends his constitutional rights were violated because the court denied his petition for recall and resentencing by relying on the facts in this court's appellate opinion to find he was armed with a firearm when he committed the underlying offenses. Appellant asserts the prosecution must plead and prove, and there must be a jury verdict, as to disqualifying facts in the original case in order for the court to find he was ineligible for resentencing under the Act.

In *People v. White*, *supra*, 223 Cal.App.4th 512, the court rejected the identical argument. It held the defendant in that case was ineligible for resentencing under section 1170.126 because "the record of conviction," which consisted of the trial evidence and appellate record, established he had a firearm in his possession and was personally armed in the commission of the underlying offenses, even though he was not charged with an arming enhancement. (*Id.* at pp. 525–526.) *White* further held the prosecution was not required to plead and prove charges and/or enhancements which would support facts to disqualify him from resentencing under the Act. (*Id.* at pp. 526–527.)

A series of cases have reached the same conclusion as *White* and held the superior court may review the documents contained in the entire record of the qualifying

---

[6] On May 29, 2014, while the instant appeal was pending, appellant, acting in pro. per., filed a petition for writ of habeas corpus in the superior court, seeking review of the superior court's denial of his petition for recall and resentencing. On July 2, 2014, the superior court denied the petition because it had no jurisdiction over the matter since the same issue was pending appellate review.

On July 21, 2014, appellant, again acting in pro. per., filed a notice of appeal of the court's denial of his petition for writ of habeas corpus (case No. F069766). On October 27, 2014, this court dismissed the appeal in case No. F069766 because it was from a nonappealable order. However, we deemed his September 4, 2014, pleading in that case as a supplemental brief in the instant appeal.

9.

conviction to determine if defendant is ineligible for resentencing, including prior appellate opinions, and the prosecution is not required to plead and prove any of the disqualifying factors set forth in section 1170.126. (*People v. Chubbuck* (2014) 231 Cal.App.4th 737, 740, 747; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030–1032, 1038-1039; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1063; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1314–1317; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 798–800; *People v. Guilford* (2014) 228 Cal.App.4th 651, 660.)

A different conclusion about the record review was reached in *People v. Berry* (2015) 235 Cal.App.4th 1417 (*Berry*), which held that the court cannot consider evidence related to dismissed counts when determining the defendant's eligibility for resentencing under the Act. In *Berry*, the defendant was under surveillance and was seen removing items from the trunk of a Cadillac. He was later arrested in another vehicle and at another location. He had a fraudulent driver's license and a fraudulent check in his pockets. He also possessed the keys to a Cadillac. The police returned to the Cadillac and found drugs and a loaded firearm in the trunk. The defendant was charged with multiple fraud, narcotics, and firearm offenses. He pleaded guilty to possession of a fraudulent check and possession of a forged driver's license, admitted prior strike offenses pursuant to a plea agreement, and was sentenced to a third strike term. The court dismissed the firearm charges pursuant to the plea agreement. The defendant subsequently moved for resentencing under the Act. The court denied the motion, relied on the police reports about the loaded weapon found in the car trunk, and found he was ineligible for resentencing because he was armed with a firearm in the commission of the offenses. (*Id.* at pp. 1421–1422.)

*Berry* acknowledged the holdings in *White* and *Elder*, which approved the review of the entire record of conviction. However, *Berry* held that analysis was inapplicable because the firearm allegations against the defendant had been dismissed pursuant to a plea bargain. (*Berry*, *supra*, 235 Cal.App.4th at p. 1427.) "[W]hile such an arming

10.

analysis [as in *White* and *Elder*] might have been appropriate in a case where the defendant's conviction and sentence were based—at least in part—on his *possession* of a firearm [citations], it was not appropriate here, where all allegations involving firearm possession were dismissed as part of defendant's plea agreement." (*Ibid*., italics in original.)

> "What distinguishes this case from *Elder*, *Blakely*, *Osuna*, and *Guilford* is that in each of those cases, the trial court evaluated the record *of the qualifying conviction* to ascertain whether the facts underlying *that conviction* reflected the defendant was ineligible for relief under subdivision (e)(2) of section 1170.126. Thus, in *Elder*, *Blakely* and *Osuna,* the qualifying conviction was the defendant's *possession* of a firearm. The courts then looked to the circumstances of that possession to determine whether they demonstrated the defendant had been *armed* during his possession of the firearm. [Citation.]" (*Berry*, *supra*, 235 Cal.App.4th at p. 1427, italics in original.)

*Berry* concluded the superior court improperly considered the facts about the firearm because the weapons charges were dismissed pursuant to a plea agreement, and the original sentence "imposed on defendant was unrelated to his alleged possession of a firearm. Thus, he cannot be deemed ineligible for recall of his sentence on the basis that his sentence was imposed for an offense he committed while armed with a firearm. (*Berry*, *supra*, 235 Cal.App.4th at p. 1426.) "Defendant's conviction was based solely upon his guilty plea, and that plea was limited to the counts alleging possession of a fraudulent check and a forged driver's license. Any evidence that defendant also possessed a firearm played no part in his conviction." (*Id*. at p. 1427.)

## Analysis

As applied to this case, we find the superior court properly considered the entire record of conviction as permitted by *White*, *Elder*, and the other cases, when it found appellant was armed with a firearm and ineligible for resentencing under the Act.

Under the Act, "[a] defendant is armed if the gun has a facilitative nexus with the underlying offense (i.e., it *serves* some purpose in connection with it); however, this

11.

requires only that the defendant is aware during the commission of the offense of the nearby presence of a gun *available* for use offensively or defensively, the presence of which is not a matter of happenstance. This does not require any *intent* to use the gun for this purpose. [Citation.]" (*People v. Elder*, *supra*, 227 Cal.App.4th at p. 1312, italics in original; *People v. Bland* (1995) 10 Cal.4th 991, 997; *Berry*, *supra*, 235 Cal.App.4th at p. 1427.) Appellant was clearly armed with a firearm: He was flashing the gun in the bar during a verbal dispute, and the police found the weapon tucked in his waistband.

We also find that *Berry* does not apply to the determination of whether appellant was armed within the meaning of the Act, even though the arming "enhancement" was dismissed. As explained above, the prosecution alleged as an "enhancement" to count III that appellant possessed a firearm while he possessed cocaine base pursuant to Health and Safety Code section 11370.1, subdivision (a). The jury found that "enhancement" true as alleged to count III. As the court subsequently concluded, Health and Safety Code section 11370.1, subdivision (a) defines a separate substantive offense and not an enhancement, and the prosecution erroneously alleged that finding as an enhancement to count III. The court dismissed the jury's finding and the three-year term.

In contrast to *Berry*, this dismissal does not affect appellant's eligibility for resentencing under the Act. The court did not dismiss the arming finding because of insufficient evidence or as part of a plea agreement, but as a result of a pleading error. Appellant was convicted and sentenced for being a felon in possession of a firearm, he admitted at trial he possessed the firearm, and the evidence showed that he was armed with the firearm during the verbal altercation. The original sentence imposed upon appellant was directly related to his possession and being armed with a firearm. (Cf. *Berry*, *supra*, 235 Cal.App.4th at p. 1426.)

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

12.

The judgment is affirmed.