Filed 12/9/15  P. v. Robles CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B263387 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA019387) |
| v. | |
| CARL ROBLES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

California Appellate Project and Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

## INTRODUCTION

The trial court sentenced Carl Robles to a three strikes, indeterminate life sentence of 52 years to life, following his convictions for assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)) and possession of a weapon in jail (§ 4574, subd. (a)). Robles filed a petition pursuant to section 1170.126, part of the Three Strikes Reform Act of 2012 (Proposition 36), for recall of his sentence and resentencing as a second strike offender. The trial court denied the petition on the grounds Robles was ineligible for resentencing because the offense of assault with a deadly weapon is a serious felony, and Robles was armed with a deadly weapon (a jail-made shank) during the commission of that offense. Robles contends that while he is ineligible for resentencing on his conviction for aggravated assault, he is nonetheless eligible for recall of his sentence for possession of a weapon in jail under *People v. Johnson* (2015) 61 Cal.4th 674. While we agree that under *Johnson* Robles was entitled to have the trial court consider his sentences individually to determine whether he was eligible for recall of either sentence, we nonetheless conclude that Robles was ineligible for recall of his sentence for possession of a weapon in jail. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In 1994, Robles "and the victim, Kenya Henry, were both county jail prisoners. While on a sheriff's bus from the jail to court [Robles] heard Henry making comments about him to other prisoners on the bus. He heard one of the other prisoners refer to him

---

[1]     Unless otherwise specified, all further statutory references are to the Penal Code.

[2]     We take the facts of Robles's underlying convictions from our opinion in his prior appeal (*People v. Robles* (June 19, 1996, B093220) [nonpub. opn.]), and from the record in that appeal, of which we take judicial notice. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

2

saying, 'We'll handle him when we get to court.' He also saw another prisoner slip something to Henry. [Robles] became afraid he would be attacked when the bus reached the courthouse.

"At the courthouse [Robles], Henry and the other prisoners were placed in a holding cell. While in the holding cell, a prisoner who had heard the threat against [Robles] on the bus slipped [Robles] a sharp object known in prison jargon as a 'shank.'

"[Robles], Henry and four or five other prisoners were summoned out of the holding cell into a hallway where sheriffs' deputies began to uncuff them. Just after [Robles] and Henry were uncuffed a disturbance broke out down the hall and the deputies were momentarily distracted. While the deputies were looking away, Henry started 'scooting' down the hall toward [Robles]. [Robles] struck Henry with the shank, cutting him on the chin and arm." (*People v. Robles*, *supra*, B093220 at p. 2, fn. omitted.)

A jury convicted Robles of assault with a deadly weapon and possession of a weapon in jail. In a bifurcated proceeding, the trial court found true special allegations Robles had suffered two prior serious or violent felony convictions (two robberies) under the three strikes law. Additionally, the court determined the aggravated assault on Henry and possession of the shank were committed on two separate occasions and arose from different operative facts. The court sentenced Robles to two consecutive indeterminate terms of 25 years to life.

On November 6, 2014, Robles filed a petition for recall of sentence under Proposition 36, in which he contended he was eligible for resentencing on both counts. In denying the petition, the trial court stated, Robles was "ineligible for resentencing relief as a second strike offender if his life sentence was imposed because he committed an assault with a deadly weapon as an inmate." The court found Robles was "also ineligible if he committed a felony with the use of a dangerous or deadly weapon." The court concluded that because the jury in this case found both circumstances true as to the assault with a deadly weapon count, Robles was ineligible for resentencing under Proposition 36. The court made no finding on Robles' eligibility for resentencing on the weapon possession count.

# DISCUSSION

*People v. Johnson*, *supra*, 61 Cal.4th 674, decided after Robles' petition was denied, held Proposition 36 "requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life." (*Id*. at p. 688.) Accordingly, Robles asserts, and the People acknowledge, the fact he is ineligible for resentencing on count 1, assault with a deadly weapon, did not make him ineligible for resentencing on count 2, possession of a weapon in jail, which is a non-serious felony. We agree the trial court erred but conclude the error was harmless. Because Robles was armed with a deadly weapon within the meaning of section 1170.126 during the commission of both offenses, he is ineligible for resentencing on both counts and the petition was properly denied.

As relevant here, an inmate is not eligible for resentencing under section 1170.126 if his or her current sentence was "imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) The referenced statutes prohibit treating a third strike offender as a second strike offender for purposes of sentencing if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

Robles interprets "[d]uring the commission of the current offense" to mean that the ineligibility factors are intended to be in addition to, and not just coextensive with, the elements of the current offense. Referring to sections 667, subdivision (e)(2)(C)(iii), and 1170.12, subdivision (c)(2)(C)(iii), Robles argues that if the intent of Proposition 36 was to make persons convicted of weapon possession ineligible for resentencing, it would have listed the specific offense or would have read, "'The current offense includes

4

arming'" as a disqualifying factor consistent with the other subdivisions. Otherwise, Robles argues, the "'during the commission of the current offense'" language of those statutes makes sense only "if the current offense is something to which the arming attaches."

Robles acknowledges appellate courts have consistently rejected the argument that "one cannot be armed with a [weapon] during the commission of possession of the same [weapon]." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030.) Although none of those cases has addressed the specific offense of possession of a weapon in jail, they have considered the argument in the context of the analogous crime of possession of a firearm by a felon under former section 12021, subdivision (a) (renumbered § 29800, subd. (a)(1)). (See, e.g., *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797-799; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312-1313; *Osuna*, *supra*, at pp. 1030-1031.) Robles contends, however, that these cases were wrongly decided.

In *People v. Osuna*, *supra*, 225 Cal.App.4th 1020, the court noted that the phrase "armed with a firearm" "has been statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively." (*Id*. at p. 1029.) The evidence in the defendant's case established that he was "armed with a firearm" when he illegally possessed the firearm. (*Id*. at p. 1030.) The defendant did not dispute this. He claimed, however, that in order to be ineligible for recall of sentence under Proposition 36 "there must be an underlying felony to which the firearm possession is 'tethered' or to which it has some 'facilitative nexus.' He [argued] one cannot be armed with a firearm during the commission of possession of the same firearm." (*Ibid*.)

The court explained this analysis would be appropriate if the case "were concerned with imposition of an arming *enhancement*—an additional term of imprisonment added to the base term, for which a defendant cannot be punished until and unless convicted of a related substantive offense. [Citations.]" (*People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1030.) An arming enhancement under section 12022, subdivision (a)(1), may be imposed where the defendant is armed "'in the commission of' a felony." (*Osuna*, *supra*, at p. 1031.) Such an enhancement "'requires *both* that the "arming" take place during the

5

underlying crime *and* that it have some "facilitative nexus" to that offense.'" (*Ibid.*) That is, that the defendant "have a firearm 'available for use *to further the commission of the underlying felony.*' [Citation.]" (*Ibid.*)

However, "[h]aving a gun available does not further or aid in the commission of the crime of possession of a firearm by a felon. Thus, a defendant convicted of violating section 12021 does not, regardless of the facts of the offense, risk imposition of additional punishment pursuant to section 12022, because there is no 'facilitative nexus' between the arming and the possession. However, unlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed (italics added), [Proposition 36] disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '*during* the commission of' the current offense (italics added). 'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.' (Webster's 3d New Internat. Dict. (1986) p. 703.) In other words, it requires a temporal nexus between the arming and the underlying felony, not a facilitative one. The two are not the same. [Citation.]" (*People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1032.)

Based on this analysis, the court concluded the "defendant was armed with a firearm *during* his possession of the gun, but not 'in the commission' of his crime of possession [of a firearm by a felon]. There was no facilitative nexus; his having the firearm available for use did not further his illegal possession of it. There was, however, a temporal nexus. Since [Proposition 36] uses the phrase '[d]uring the commission of the current offense,' and not in the commission of the current offense (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, . . . the literal language of [Proposition 36] disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1032; accord, *People v. Brimmer*, *supra*, 230 Cal.App.4th at p. 799; see also *People v. Berry* (2015) 235 Cal.App.4th 1417, 1426.)

6

Appellate courts in the firearm possession cases have uniformly concluded the ineligibility factor applies whenever the record shows the defendant was in actual physical possession of the firearm, hence armed with it. (See *People v. Brimmer, supra*, 230 Cal.App.4th at p. 797; *People v. Osuna, supra*, 225 Cal.App.4th at p. 1030; *People v. White* (2014) 223 Cal.App.4th 512, 525.) They reason that a firearm possession offense that amounts to arming is not a minor non-violent offense for purposes of Proposition 36. (See *Brimmer*, *supra*, at p. 799.)

This reasoning applies here. A person may be convicted of possession of a weapon in jail if he or she, "while lawfully confined in a jail or county road camp possesses therein any firearm, deadly weapon, explosive, tear gas or tear gas weapon . . . ." (§ 4574, subd. (a).) The record shows Robles was in actual physical possession of a weapon—the shank.

"'[A] defendant is armed if the defendant has the specified weapon available for use, either offensively or defensively. [Citations.]' [Citation.] '"[A] [shank] that is available for use as a weapon creates the very real danger it will be used." [Citation.] Therefore, "[i]t is the availability—the ready access—of the weapon that constitutes arming." [Citation.]' [Citation.]" (*People v. Brimmer*, *supra*, 230 Cal.App.4th at p. 799.) Because Robles was armed with the shank during the commission of his crime of possession, creating a danger that the weapon would be used—and, in fact, Robles did use the weapon on Henry—by the terms of Proposition 36 he was ineligible for recall of his sentence for possession of a weapon in jail.

Robles also urges Proposition 36 should be broadly and liberally construed to promote its legislative goals, i.e., to ensure that sentences of 25 years to life are reserved only for defendants whose current convictions are for violent or serious crimes and to save taxpayers money by reducing the costs associated with lifelong incarceration of nonviolent offenders. Robles posits that because a violation of section 4574 carries one of the lesser ranges of sentences among felonies, precluding a defendant convicted of that crime from gaining the benefits of Proposition 36 "makes no sense" without a tethering offense. We disagree.

The statutory prohibition against possession of a weapon in jail is designed to protect inmates and security officers from the danger of armed attack. (*People v. Rodriguez* (1975) 50 Cal.App.3d 389, 399.) "'Section 4574 is a stringent statute governing prison safety and serves an objective demanding relative inflexibility and relatively strict liability to problems compounded by inmate ingenuity.' [Citation.]" (*People v. Grayson* (2000) 83 Cal.App.4th 479, 486.) In light of the high risk posed to other inmates, security personnel and overall jail security, it cannot be said that possession of a weapon in jail poses little or no potential harm to public safety, such that it could be considered a relatively minor felony offense for purposes of Proposition 36. The petition was properly denied.

**DISPOSITION**

The order is affirmed.


BECKLOFF, J.[*]


We concur:


PERLUSS, P. J.


SEGAL, J.


---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8