IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEMITRUIS T. MCGEE,<br><br>    Defendant and Appellant. | B265244<br><br>(Los Angeles County<br>Super. Ct. No. BA126577)<br><br>**ORDER MODIFYING OPINION<br>NO CHANGE IN JUDGMENT** |

THE COURT:

    The opinion filed herein on May 9, 2016, reflects an incorrect Los Angeles Superior Court Case No. as BA126557.  It is ordered that the opinion be modified as follows:

    The correct Los Angeles Superior Court Case No. is **BA126577**.

_____
PERLUSS, P. J.,               ZELON, J.,               SEGAL, J.

Filed 5/9/16  P. v. McGee CA2/7 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>DEMITRUIS T. MCGEE,<br><br>　　　Defendant and Appellant. | B265244<br><br>(Los Angeles County<br>Super. Ct. No. BA126557) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, William Ryan, Judge.  Affirmed.

　　　Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Kama D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Arlene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Demitrius McGee, convicted in 1996 for possession of a firearm by a felon and sentenced to a term of 27 years to life, petitioned for recall of his sentence pursuant to Penal Code section 1170.126. Finding McGee ineligible for relief because he was armed during the commission of the offense, the trial court denied the petition. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

McGee was convicted after a jury trial of being a felon in possession of a firearm in violation of Penal Code section 12021(a)(1)[1] and sentenced, as a third strike offender (§§ 667, subds. (b)-(d), 1170.12), to a term of 27 years to life. On appeal, this court affirmed the judgment.[2]

In 2012, the electorate passed Proposition 36, the Three Strikes Reform Act of 2012 (Prop. 36), which, among other modifications of the Three Strikes Law, added section 1170.126 to the Penal Code to permit petitions for recall of sentences, and resentencing by individuals who would not have been subject to indeterminate life sentences had they been sentenced under Proposition 36.

On December 3, 2012, McGee filed a petition for recall. The trial court issued an order to show cause, and the People filed opposition to the petition, asserting that McGee was ineligible for resentencing because he was armed during the commission of the offense, and that he was unsuitable for resentencing because of his record. After additional briefing by both parties, and a hearing at which McGee was represented by counsel, the trial court denied the petition on March 24, 2015, finding McGee ineligible. McGee appealed.

---

[1] The statute has been renumbered as 29800, subdivision (a). All further statutory references are to the Penal Code.

[2] People v. McGee (May 21,1998, B106792 [nonpub.opn.].)

2

**DISCUSSION**

On appeal, McGee argues that former section 12021(a)(1) is not a crime enumerated in Proposition 36 as being excluded from eligibility for resentencing, and that, under the circumstances of his conviction, he should not be deemed ineligible for resentencing.

As relevant here, an inmate is not eligible for resentencing under section 1170.126 if his or her current sentence was "imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) The referenced statutes prohibit treating a third strike offender as a second strike offender for purposes of sentencing if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) Acknowledging this provision, McGee argues that these factors may not be part of the offense in question, but must be found in addition to the offense itself. As a result, he argues his conviction, for the possession of a firearm, does not fall within the exclusion.

The appellate courts have uniformly rejected this argument, a fact McGee acknowledges. Although he argues those cases were wrongly decided, we disagree.

In *People v. Osuna* (2014*)* 225 Cal.App.4th 1020 (*Osuna*), the court noted that the phrase "armed with a firearm" "has been statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively." (*Id*. at p. 1029.) The evidence in the defendant's case established that he was "armed with a firearm" when he illegally possessed the firearm. (*Id*. at p. 1030.) The defendant did not dispute this. He claimed, however, as does McGee, that in order to be ineligible for recall of sentence under Proposition 36 "there must be an underlying felony to which the firearm possession is 'tethered' or to which it has some 'facilitative nexus.' He [argued] one cannot be armed with a firearm during the commission of possession of the same firearm." (*Ibid*.)

3

The court explained this analysis would be appropriate if the case "were concerned with imposition of an arming *enhancement*—an additional term of imprisonment added to the base term, for which a defendant cannot be punished until and unless convicted of a related substantive offense.  [Citations.]"  (*Osuna, supra,* 225 Cal.App.4th at p. 1030.)  An arming enhancement under section 12022, subdivision (a)(1), may be imposed where the defendant is armed "'in the commission of' a felony."  (*Osuna, supra,* 225 Cal.App.4th at p. 1031.)  Such an enhancement "'requires *both* that the "arming" take place during the underlying crime *and* that it have some "facilitative nexus" to that offense.'"  (*Ibid.*)  That is, that the defendant "have a firearm 'available for use *to further the commission of the underlying felony.*'  [Citation.]"  (*Ibid.*)

However, "[h]aving a gun available does not further or aid in the commission of the crime of possession of a firearm by a felon.  Thus, a defendant convicted of violating section 12021 does not, regardless of the facts of the offense, risk imposition of additional punishment pursuant to section 12022, because there is no 'facilitative nexus' between the arming and the possession.  However, unlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed (italics added), [Proposition 36] disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '*during* the commission of' the current offense (italics added).  'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.'  (Webster's 3d New Internat. Dict. (1986) p. 703.)  In other words, it requires a temporal nexus between the arming and the underlying felony, not a facilitative one.  The two are not the same.  [Citation.]"  (*Osuna, supra,* 225 Cal.App.4th at p. 1032.)

Based on this analysis, the court concluded the "defendant was armed with a firearm *during* his possession of the gun, but not 'in the commission' of his crime of possession [of a firearm by a felon].  There was no facilitative nexus; his having the firearm available for use did not further his illegal possession of it.  There was, however, a temporal nexus.  Since [Proposition 36] uses the phrase '[d]uring the commission of the current offense,' and not in the commission of the current offense (§§ 667, subd.

4

(e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, . . . the literal language of [Proposition 36] disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Osuna, supra,* 225 Cal.App.4th at p. 1032; accord, *People v. Brimmer* (2014) 230 Cal.App.4th 782, 799 (*Brimmer*); see also *People v. Berry* (2015) 235 Cal.App.4th 1417, 1426.)

Appellate courts in the firearm possession cases have uniformly concluded the ineligibility factor applies whenever the record shows the defendant was in actual physical possession of the firearm, and thus armed. (See *Brimmer, supra,* 230 Cal.App.4th at p. 797; *Osuna, supra,* 225 Cal.App.4th at p. 1030; *People v. White* (2014) 223 Cal.App.4th 512, 525.) They reason that a firearm possession offense that amounts to arming is not a minor non-violent offense for purposes of Proposition 36. (See *Brimmer, supra,* 230 Cal.App.4th at p. 799.)

McGee's case is not distinguishable. As in *Osuna*, McGee had the weapon available for use; the record demonstrated the weapon was loaded and within his grasp when he was first sighted by the police. The trial court did not err.

## DISPOSITION

The order denying the petition is affirmed.


ZELON, J.




We concur:




PERLUSS, P. J.                                        SEGAL, J.

5