Filed 9/23/15  P. v. Gonsalves CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067071 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD107521) |
| ANTHONY GONSALVES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Laurel M. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

In 1996 Anthony Gonsalves was convicted of possession of a firearm by a felon (Pen. Code, former § 12021, subd. (a).)[1] Because the court found true the allegations that Gonsalves had been convicted of three prior offenses that were serious or violent felonies within the meaning of sections 667, subdivisions (b) through (i), and 1170.12, it sentenced him to an indeterminate term of 25 years to life, plus additional time for other offenses, for a total sentence of 32 years to life. In 2013, Gonsalves petitioned to recall his sentence pursuant to the Three Strikes Reform Act of 2012 (§ 1170.126 et seq., hereafter TSRA or Act). The court denied his petition, and this appeal followed.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

A. The Current Offense and Sentence

On October 24, 1994, the police arrested Gonsalves following his sale of a substance in lieu of narcotics to an undercover police officer. On October 26, 1994, while awaiting arraignment at San Diego Municipal Court, Gonsalves was seated in a chair located near the deputy marshal's gun locker. A deputy observed Gonsalves reach

---

[1] "Effective January 1, 2012, former section 12021(a), was repealed and reenacted without substantive change as section 29800, subdivision (a)." (*People v. White* (2014) 223 Cal.App.4th 512, 518, fn. 2 (*White*).) For ease of reference, we hereafter refer to a conviction for felon in possession of a firearm as a conviction under section 12021, subdivision (a). All further statutory references are to the Penal Code unless otherwise specified.

[2] The court relies in part on this court's unpublished opinion in *People v. Gonsalves* (March 13, 1998, D026965) for the facts of Gonsalves's current offense and portions of the procedural history.

into the gun locker, retrieve a pistol, bring it out of the locker, and place his finger on the trigger.

In 1996 Gonsalves was convicted of one count of being a felon in possession of a firearm (§ 12021, subd. (a).)  The court found true three allegations of prison priors within the meaning of section 667.5, subdivision (b), and three serious/violent felony prior convictions within the meaning of section 667, subdivisions (b) through (i).  The court sentenced Gonsalves to an indeterminate term of 25 years to life for the possession count, a consecutive four-year term for the sale in lieu of narcotics offense, and three consecutive one-year terms for the prison priors.

B. The Recall Petition

In 2013, Gonsalves filed a petition under the TSRA to recall his sentence.  He submitted a letter in connection with his petition that stated, in part:  "Im [sic] really sorry i [sic] pulled the gun out of the gun locker!"  The trial court issued an order to show cause why the petition should not be denied based on the nature of his commitment offense, explaining that the statute excludes recall for felonies during the commitment of which the defendant was armed with a firearm or deadly weapon and citing the events of October 26, 1994.  Following a hearing on the order to show cause, the trial court denied the petition.  Gonsalves timely appealed.

C. Arguments on Appeal

On appeal, Gonsalves contends (i) he was entitled to a hearing on resentencing eligibility during which the People bear the burden of proof, (ii) section 1170.126 should

3

be construed to require pleading and proof of being armed, and (iii) nothing in the record of conviction established he was armed during commission of the possession offense, as well as various ancillary claims. The People argue the TSRA does not require either a hearing or that the prosecution plead and prove the defendant was armed, and the record of his conviction reflects that Gonsalves was armed.[3]

II

ANALYSIS

A. The TSRA Framework

The TSRA "diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167.)

The TSRA also added section 1170.126, the retroactive part of the Act, to permit recall and resentencing for certain three strikes sentences imposed before the TSRA. Section 1170.126 "provides a means whereby, . . . subject to certain disqualifying exceptions or exclusions, a prisoner currently serving a sentence of 25 years to life under

---

[3] In his reply brief, Gonsalves additionally contends de novo review applies and he should have received a determination as to whether he would pose an unreasonable risk of danger. We will not consider arguments raised for the first time on reply. (*People v. Zamudio* (2008) 43 Cal.4th 327, 353 [" 'Normally, a contention may not be raised for the first time in a reply brief.' "].) We note, however, that we apply de novo review with respect to the TSRA's legal requirements, but review for substantial evidence the sufficiency of the record of conviction to support the petition's denial. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1332 (*Bradford*); *People v. Guilford* (2014) 228 Cal.App.4th 651, 661 (*Guilford*).)

the pre-Proposition 36 version of the Three Strikes law for a third felony conviction that was not a serious or violent felony may be eligible for resentencing . . . ." (*White, supra*, 223 Cal.App.4th at p. 517.)

The inmate's TSRA petition must show, among other things, that the current sentence was not imposed for any offense set forth in section 667, subdivision (e)(2)(C)(i) through (iii), or section 1170.12, subdivision (c)(2)(C)(i) through (iii). (§ 1170.126, subd. (e).) Pursuant to this provision, an inmate is statutorily ineligible for resentencing if he or she was "armed with a firearm" when the inmate committed the current offense. (§ 667, subd. (e)(2)(C)(iii); § 1170.12, subd. (c)(2)(C)(iii).) Even if the inmate otherwise demonstrates eligibility for resentencing, the court may, in its discretion, deny the petition if it concludes resentencing "would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

It is reversible error for a trial court to grant a TSRA petition and resentence an inmate when the record of conviction demonstrates, as a matter of law, that the inmate is statutorily ineligible for resentencing. (See, e.g., *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797-801, 805-806 (*Brimmer*); accord, *People v. Superior Court* (*Martinez*) (2014) 225 Cal.App.4th 979, 989.)

B. Gonsalves's Claims

1. *The Hearing Claim*

Gonsalves contends that he was entitled to an eligibility hearing at which the People bear the burden of proof.

5

Under Section 1170.126, the trial court makes the eligibility determination, based on the record of conviction. (§ 1170.126, subd. (f); *Bradford*, *supra*, 227 Cal.App.4th at p. 1338.) The eligibility determination provisions in section 1170.126 do not provide for a hearing, and the People, in turn, bear no burden.

Indeed, there is a dichotomy between the eligibility determination provisions under section 1170.126, subdivision (f) (indicating the trial court "shall determine" eligibility, with no reference to evidence), which do not imply use of a hearing, and the resentencing provisions under section 1170.126, subdivision (g) (identifying factors for consideration, and referencing evidence), subdivision (i) (permitting a waiver of appearance, implying a hearing), and subdivision (m) (referencing "a resentencing hearing"), which do contemplate a hearing. (*People v. Oehmigen* (2014) 232 Cal.App.4th 1, 6-7; see *Bradford*, 227 Cal.App.4th at p. 1337.)

Additionally, the eligibility determination is a question of law. (*People v. Oehmigen*, *supra*, 232 Cal.App.4th at p. 7.) The only facts at issue are those already contained in the record of conviction, so there are no factual questions warranting resolution in an evidentiary hearing. (*Ibid.*; *Bradford*, *supra*, 227 Cal.App.4th at p. 1339.)

Finally, Gonsalves's suggestion that due process warrants an eligibility hearing is unpersuasive. The due process concerns implicated by sentence enhancement do not arise in connection with TSRA resentencing. (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 [holding, with respect to sentencing enhancements, that any fact increasing the

6

penalty beyond the statutory maximum must be proved to a jury]; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1039 ["*Apprendi* and its progeny do not apply to a determination of eligibility for resentencing under the Act."] (*Osuna*).) The court finds that Gonsalves was not entitled to an eligibility hearing.

2. *The Pleading and Proof Claim*

Gonsalves also contends that section 1170.126 should be read to require pleading and proof of being armed. The court finds nothing in the statute or case law to support this argument. As this court noted in *White*, "although section 1170.126[, subdivision] (e)(2) expressly cross-references 'clauses (i) to (iii), inclusive' of [sections] 667[, subdivision] (e)(2)(C) and 1170.12[, subdivision] (c)(2)(C), nothing in the language of section 1170.126[, subdivision] (e)(2) or of any of the other subdivisions of section 1170.126 governing an inmate's petition for resentencing relief under the Reform Act references the plead-and-prove language." (*White*, *supra*, 223 Cal.App.4th at pp. 526-527.)[4]

Here, too, there is a relevant dichotomy, this time between the TSRA's prospective and retrospective provisions. "[T]he pleading and proof requirement plainly is a part of only the *prospective* part of the Reform Act . . . ; it is *not* a part of section 1170.126, the *retrospective* part of the Reform Act . . . ." (*White, supra,* 223 Cal.App.4th at p. 527; see *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1292 [describing

---

4     *People v. Berry* (2015) 235 Cal.App.4th 1417, cited by Gonsalves, does not suggest otherwise. *Berry* found that the trial court could not rely on dismissed claims in making a TSRA eligibility determination. (*Id.* at pp. 1425-1426.)

retroactive part as "providing *similar, but not identical*, relief"].) The Third Appellate District has explained the differing treatment: "The differences in approach make sense. Prospectively, the prosecution is seeking, in the case of nonserious or nonviolent third strikes, to impose a life term, which would not be possible without the added factors. But in a retrospective analysis of sentences, the increased punishment has already been lawfully imposed. [¶] . . . [¶] . . . The requirement of pleading and proof for prospective application of the Act, and the absence of such requirement for retrospective application, indicates that pleading and proof is not a requirement for the latter." (*Guilford*, *supra*, 228 Cal.App.4th at p. 659 (citing *Kaulick* and *White*); accord *People v. Elder* (2014) 227 Cal.App.4th 1308, 1314-15, *Brimmer*, *supra*, 230 Cal.App.4th at pp. 801-802, *Osuna*, *supra*, 225 Cal.App.4th at p. 1033.) The court finds this reasoning persuasive. For the foregoing reasons, Gonsalves likewise cannot rely on other enhancement regimes and related case law (*e.g.*, *Descamps v. United States* (2013) __ U.S. ___ [133 S.Ct. 2276].)

   3. *The Record of Conviction Claim*

   Gonsalves indicates that a person is armed during the commission of a felony if the person carries the firearm or has it available for use, as reflected in the record of conviction, which is consistent with the case law. (*White*, *supra*, 223 Cal.App.4th at p. 525 [finding inmate ineligible for resentencing where the record of conviction showed the inmate "not only had a firearm 'in [his] possession or under [his] custody or control,' " but that "he also was personally armed with the firearm on that date because he was carrying—and, thus, had ' "ready access" ' [citation] to—that firearm"]; see *Osuna*, *supra*,

8

225 Cal.App.4th at pp. 1030, 1040 [considering prior opinion affirming conviction, and concluding the record demonstrated defendant was armed during commission of his current offense].) However, Gonsalves contends nothing in the record of conviction establishes that he was armed, and the trial court relied on unidentified portions of the record in finding him ineligible for resentencing.

The record of conviction here, which includes this court's prior unpublished opinion regarding Gonsalves's conviction, supports the ruling that he was ineligible for resentencing. (See, e.g.*, Brimmer*, *supra*, 230 Cal.App.4th at p. 800 [finding "court's unpublished opinion in defendant's prior underlying appeal is sufficient evidence of the record of conviction"]; *Guilford*, *supra*, 228 Cal.App.4th at pp. 659-662 [court may use prior opinion to show facts of underlying conviction establishes ineligibility under TSRA].)[5] The prior opinion shows Gonsalves retrieved the firearm from the locker, establishing his physical possession of the gun during commission of the possession offense. Gonsalves does not dispute the accuracy of the facts in the prior opinion. (*Guilford, supra*, 228 Cal.App.4th at p. 660.)

---

[5] The People identified the prior opinion as part of the record of conviction in their brief, cited authority supporting such inclusion, and attached a copy thereto. On reply, Gonsalves provided no substantive response to the People's contention that the opinion properly was part of the record of conviction and identified no contrary authorities. Given the parties had an opportunity to brief the inclusion of the prior opinion in the record of conviction, the court takes judicial notice of the prior opinion without further briefing by the parties. (Evid. Code, §§ 452, subd. (a), 459, subds. (a), (d).)

Moreover, Gonsalves's letter supporting his petition for recall indicated he pulled the gun out of the gun locker. The probation officer's report likewise reflects such retrieval. Gonsalves does not dispute the accuracy of either his letter or the report.[6]

Thus, the record of conviction shows Gonsalves was armed during his possession offense, because "he was carrying—and, thus, had ' "ready access" ' " to the gun. (*White, supra*, 223 Cal.App.4th at p. 525.) Gonsalves's effort to distinguish *White* on the grounds that defendant's attorney in *White* conceded the defendant was armed is unsuccessful; the record of conviction here establishes that Gonsalves too was armed.

As for the trial court's findings, the trial court found the record of conviction reflected Gonsalves was armed. Although the court does not identify the portion of the record of conviction on which it relied, "we review the correctness of the trial court's ruling, not the reasons underlying it" (*People v. Koontz* (2002) 27 Cal.4th 1041, 1075-1076, fn. 4; accord, *Punsly v. Ho* (2003) 105 Cal.App.4th 102, 113). We are satisfied that the trial court, reviewing the record of conviction, had substantial evidence to conclude Gonsalves was armed during commission of the firearm possession.

4. *Other Claims*

Gonsalves suggests that section 1170.126 is ambiguous, both as to issues addressed above and other matters (including whether arming must be tethered to a felony other than possession, whether voters intended disqualification for offenses not

---

6    In his opening brief, Gonsalves notes that the source of the facts he states therein is the probation report and that he does not concede their accuracy. The court does not view Gonsalves's caveat as disputing such facts.

10

enumerated in sections 667 or 1170.12, and whether the unreasonable risk provision supports narrow construction of the eligibility exclusions), and suggests the rule of lenity should apply. The court does not find these matters ambiguous, but even if they were, there is no basis for applying the rule of lenity. (*People v. Nuckles* (2013) 56 Cal.4th 601, 611 [rule applies only if " ' " 'the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule.' " [Citation.]' "].) The court briefly addresses the additional matters Gonsalves raises.

First, section 1170.126 does not require that arming be related to an offense separate from possession. (See *White*, *supra*, 223 Cal.App.4th at p. 526; accord *Brimmer*, *supra*, 230 Cal.App.4th at p. 797, *Osuna*, *supra*, 225 Cal.App.4th at p. 1032.)

Second, although the court agrees that ballot propositions should be interpreted consistent with voter intent, disqualifying individuals armed during the commission of felonies, including possession offenses, is consistent with such intent. (See *White*, *supra*, 223 Cal.App.4th at p. 526 ["White's current offense of being a felon in possession of a firearm—when viewed in light of the fact that he was armed with the firearm during the commission of that offense—cannot be deemed a petty or minor crime for purposes of the Reform Act."].)

Finally, nothing in section 1170.126 suggests that its eligibility exclusion provisions should be narrowly construed. Regardless, Gonsalves fails to explain how narrow construction could avoid exclusion in his case.

11

We conclude the trial court correctly ruled Gonsalves was statutorily ineligible for a recall of his sentence under the TSRA.

DISPOSITION

The order is affirmed.

McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

McINTYRE, J.