Filed 4/21/16  P. v. Albert CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CORBY ALBERT,<br><br>    Defendant and Appellant. | B267919<br><br>(Los Angeles County<br>Super. Ct. No. YA023651) |

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Corby Albert (defendant) appeals the trial court's order finding him ineligible for resentencing under Proposition 36 because he was "armed" during the commission of the crime that underlies his "third strike" sentence of 25 years to life. We conclude there was no error and affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.      Underlying Offense, Conviction and Sentence

One evening in late March 1995, defendant stood near a staircase on the second-floor walkway of an apartment building as two people near the bottom of the stairs conducted what appeared to be a drug transaction. When two Los Angeles County Sheriff's deputies arrived, defendant slowly backed away from the stairs and reached for his waistband. One of the deputies trained his flashlight on defendant, and watched as defendant dropped a semiautomatic handgun on the floor.

The People charged defendant with (1) being a felon in possession of a firearm (former Pen. Code § 12021, subd. (a))[1], and (2) being a felon carrying a concealed firearm (former § 12025, subds. (a)(2) & (b)(1)). The People alleged that defendant, in 1988, had sustained two convictions for robbery (§ 211) and one conviction for assault with a firearm (§ 245, subd. (a)(2)), and that the two robberies constituted "strikes" within the meaning of California's Three Strikes law (§§ 667, subds. (b)-(j) & 1170.12, subd. (a)-(d)). The People further alleged that defendant had served two prior prison terms (§ 667.5, subd. (b)).

In 1996, a jury convicted defendant of both crimes and found all of the prior conviction allegations to be true. The trial court imposed a sentence of 27 years to life, comprised of a third strike sentence of 25 years to life on the felon-in-possession count plus one additional year for each prior prison term. The court stayed the sentence on the concealed firearm count pursuant to section 654. Defendant's conviction and sentence were affirmed on appeal.

---

[1]      Section 12021 was redesignated as section 29800, subdivision (a)(1) in 2012. Unless otherwise indicated, all further statutory references are to the Penal Code.

## II. Proposition 36 Petition

In 2012, defendant filed a petition pursuant to Proposition 36 (§ 1170.126) seeking to have his sentence reduced to six years. The trial court issued an order to show cause why defendant should not be resentenced. After entertaining further briefing from the parties, the court denied defendant's petition. The court found that defendant was "statutorily ineligible for recall and resentencing" under Proposition 36 "because during the commission of the [felon-in-possession] offense, [defendant] was armed with a firearm."

Defendant filed a timely appeal.

## DISCUSSION

Until 2012, California's Three Strikes law required a court to impose a minimum sentence of 25 years to life for a defendant convicted of a felony—no matter what the felony—if he or she had been previously convicted of two prior "serious" or "violent" felonies (so-called "strikes"). (§§ 1170.12, subd. (c)(2)(A) (2011) & 667, subd. (e)(2)(A) (2011).) In 2012, the voters passed Proposition 36. The Proposition modifies the Three Strikes law so that the minimum 25-year-to-life sentence may only be imposed on a third or subsequent felony conviction if that conviction is also a "serious" or "violent" felony. (§§ 1170.12, subd. (c)(2)(C) & 667, subd. (e)(2)(C).) The Proposition also grants defendants *previously* sentenced on a non-"serious" and non-"violent" felony to a 25-year-to-life sentence under the Three Strikes law the right to petition for resentencing on that offense. (§ 1170.126, subd. (b).) However, Proposition 36's new rule is not without exception: *Some* non-"serious" and non-"violent" felonies, when committed as a third strike, will still trigger a minimum 25-year-to-life sentence. (§§ 1170.12, subd. (c)(2)(C), 667, subd. (e)(2)(C) & 1170.126, subd. (e)(2).) One of those exceptions is when "the defendant . . . was armed with a firearm or deadly weapon" " [d]uring the commission of the current offense." (§§ 1170.12, subd. (c)(2)(C)(iii), 667, subd. (e)(2)(C)(iii) & 1170.126, subd. (e)(2).)

Defendant argues that the trial court erred in finding him ineligible for resentencing on the ground that he was "armed" while committing the crime of being a

3

felon in possession of a firearm. Because defendant's arguments in this regard turn on questions of statutory interpretation, we review his claims de novo. (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 790 (*Brimmer*).

We conclude that the trial court committed no error. A person is "armed with a firearm" when he or she "ha[s] a firearm available for use, either offensively or defensively." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029 (*Osuna*); *Brimmer*, *supra*, 230 Cal.App.4th at p. 795; *People v. Bland* (1995) 10 Cal.4th 991, 997; § 1203.06, subd. (b)(3).) In assessing eligibility for resentencing under Proposition 36, we may look to the record of conviction, which includes the facts recited in any prior appellate decisions. (*Osuna*, at p. 1030; *People v. Hicks* (2014) 231 Cal.App.4th 275, 286 (*Hicks*).) The facts we recited above are drawn from our prior appellate decision, and they unequivocally indicate that defendant was "armed with a firearm" when he grabbed the loaded semiautomatic handgun in his waistband and discarded it on the walkway. Several appellate decisions have come to the same result on nearly identical facts. (E.g., *Brimmer*, at p. 797; *Osuna*, at pp. 1032, 1035; *Hicks*, at p. 285; *People v. White* (2014) 223 Cal.App.4th 512, 523, 527; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1052; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312-1314 (*Elder*); cf. *People v. Berry* (2015) 235 Cal.App.4th 1417, 1426 [no finding of ineligibility if the defendant was armed during an offense that was dismissed].)

Defendant appears to make three arguments as to why this solid wall of precedent is either incorrect or distinguishable.

First, defendant argues that Proposition 36 sometimes makes a defendant's eligibility for resentencing turn on the offense itself. (§§ 1170.126, subd. (e)(2) & 667, subds. (e)(2)(C)(i) & (ii).) He further notes that the crime of being a felon in possession is not one of the categorically excluded offenses. (*Ibid.*) Because a violation of the felon-in-possession "statute always involves arming," defendant reasons, a court that finds a defendant ineligible for being armed during a felon-in-possession offense is effectively (and impermissibly) adding the crime of being a felon in possession to the list of categorically excluded offenses. (E.g., *State Dept. of Public Health v. Superior Court*

4

(2015) 60 Cal.4th 940, 956 [the canons of statutory construction do "not authorize courts to rewrite statutes"].) Defendant's argument rests on a faulty premise. "[P]ossessing a firearm does not necessarily constitute being armed with a firearm." (*Blakely*, *supra*, 225 Cal.App.4th at p. 1052; *Brimmer*, *supra*, 230 Cal.App.4th at p. 795.) That is because a defendant can *constructively* possess a firearm (by knowingly exercising "'dominion and control'" over the firearm (*Brimmer*, at p. 795)) without *actually* possessing it (*Osuna*, *supra*, 225 Cal.App.4th at p. 1030 ["(a) firearm can be under a person's dominion and control without it being available for use"]).

Second, defendant argues that his conduct in being "armed" with the firearm must be "tethered" to another crime, and that this other offense cannot be the crime of being a felon in possession. This argument appears to draw an analogy to the case law interpreting the sentencing enhancement applicable when a person "is armed with a firearm in the commission of a felony." (§ 12022, sub. (a)(1).) This enhancement applies only "if the gun has a facilitative nexus with the underlying offense (i.e., it *serves* some purpose in connection with it)." (*Brimmer*, *supra*, 230 Cal.App.4th at pp. 794-795; *Hicks*, *supra*, 231 Cal.App.4th at p. 283.) Because "[h]aving a gun available does not further or aid in the commission of the crime of possession of a firearm by a felon" (*Hicks*, at p. 283), courts cannot impose the "armed" *enhancement* to a felon-in-possession crime unless there is some further crime to which the arming can be "tethered." (*Ibid.*)

But this analogy does not withstand scrutiny. That is because the plain text of Proposition 36 turns on whether "the defendant . . . was armed" "[d]*uring* the commission of the current offense" (§§ 1170.12, subd. (c)(2)(C)(iii), 667, subd. (e)(2)(C)(iii) & 1170.126, subd. (e)(2))—not, as with the sentencing enhancement, "*in* [its] commission" (§ 12022, subd. (a)(1)). As the court in *Osuna*, *supra*, 225 Cal.App.4th 1029 explains, this difference in language is significant. Because Proposition 36 looks to whether the defendant was armed "during" the crime rather than "in the commission" of it, the Proposition "requires a *temporal* nexus between the arming and the underlying felony, not a *facilitative* one." (*Osuna*, at p. 1032, italics added;

5

*Hicks*, *supra*, 231 Cal.App.4th at pp. 283-284; see *Elder*, *supra*, 227 Cal.App.4th at pp. 1312-1313 [noting "illogic" of conflating enhancement provision with Proposition 36's ineligibility provision].) The temporal nexus is present here, and that is sufficient to render defendant ineligible for relief under Proposition 36.

Lastly, defendant contends that the crime of possessing a firearm "does not pose the same level of threat" as other crimes that categorically render a defendant ineligible for relief under Proposition 36; declaring him ineligible is therefore inconsistent with the voters' intent. As noted above, this argument incorrectly conflates "possession" of a firearm with being "armed." "Defendant's current offense[] of felon in possession of a firearm . . .—when viewed in light of the fact that he was physically armed with the firearm during the commission of th[at] offense[]—cannot be deemed a petty or minor crime for purposes of" Proposition 36. (*Brimmer*, *supra*, 230 Cal.App.4th at p. 799.) That is because "'[t]he threat presented by a firearm increases in direct proportion to its accessibility. Obviously, a firearm that is available for use as a weapon creates the very real danger it will be used.'" (*Blakely*, *supra*, 225 Cal.App.4th at p. 1057, quoting *People v. Mendival* (1992) 2 Cal.App.4th 562, 573.) For these reasons, our construction of Proposition 36 is consistent with the voters' intent.

## DISPOSITION

We affirm the order denying relief under Proposition 36.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____, J.
HOFFSTADT

We concur:

_____, P.J.
BOREN

_____, J.
CHAVEZ