Filed 9/12/16  P. v. Patterson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LAWRENCE EUGENE PATTERSON,<br><br>Defendant and Appellant. | F069625<br><br>(Super. Ct. No. SC058115)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Michael G. Bush, Judge.

Charles M. Bonneau, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Levy, Acting P.J., Detjen, J. and Franson, J.

Appellant Lawrence Eugene Patterson appeals from the denial of his petition to recall a sentence pursuant to Penal Code section 1170.126[1]. Appellant claims his conviction for assault with a deadly weapon or force likely to produce great bodily injury (§ 245, former subd. (a)(1), as amended by Stats. 1993, ch. 369, § 1) did not result in an indeterminate life sentence for a serious or violent felony (§ 1170.126, subd. (e)(1)). For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Following the enactment of Proposition 36, appellant filed a petition to recall his sentence under a 1994 conviction for assault with a deadly weapon or force likely to produce great bodily injury.[2] Appellant had been convicted of the assault charge under section 245, former subdivision (a)(1), with an enhancement for inflicting great bodily injury under section 12022.7, former subdivision (a), and of having two prior felony convictions, qualifying the case for three-strike sentencing. Accordingly, appellant was sentenced to a term of 25-years-to-life, with an additional 11-year term. The trial court, finding appellant was not eligible for a recall of sentence, denied appellant's request. This appeal timely followed.

With respect to the factual history of appellant's 1994 conviction, the parties rely extensively on our unpublished opinion from appellant's direct appeal.[3] Because the underlying factual basis for the conviction is not relevant to any issue in this appeal, we do not recount those facts separately here.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] Appellant's initial filing was a petition for a writ of mandate. However, the trial court, after appointing a public defender, ordered briefing on whether appellant was eligible for resentencing under section 1170.126. Following that briefing, appellant retained counsel and filed a formal motion for resentencing.

[3] At appellant's request, on December 10, 2014, we took judicial notice of our opinions in two related prior appeals, case nos. F022250 and F026576.

**DISCUSSION**

*Standard of Review and Applicable Law*

" 'On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended [Penal Code] sections 667 and 1170.12 and added [Penal Code] section 1170.126 (hereafter the Act).… The Act … created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)' " (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1026 (*Osuna*).)

To qualify for resentencing, a petitioner must satisfy three criteria. (§ 1170.126, subd. (e)(1)-(3).) Pertinent to this appeal, to be eligible the petitioner must be "serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) Subdivision (c) of section 667.5 defines a violent felony as "[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7, 12022.8, or 12022.9," among other bases. (§ 667.5, subd. (c)((8).) Subdivision (c) of section 1192.7 defines a serious felony as "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice," among other bases. (§ 1192.7, subd. (c)(8).)

The trial court is tasked with determining whether a petitioner is eligible for resentencing. (§ 1170.126, subd. (f).) "[A] trial court need only find the existence of a

3

disqualifying factor by a preponderance of the evidence." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1040.)[4]

As the trial court's eligibility determination is factual in nature, we review that determination for substantial evidence. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 286; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1331 (*Bradford*); *see also People v. Woodell* (1998) 17 Cal.4th 448, 461 [in determining whether prior offense was qualifying for 3-strikes review, "a reasonable trier of fact could find beyond a reasonable doubt that the North Carolina trial court impliedly found that defendant was convicted of the assault because of his personal use of a deadly weapon, and not because of vicarious liability for weapon use by some third party"].).

### *Substantial Evidence Shows Appellant Was Convicted of a Serious or Violent Felony*

Appellant insists that his current sentence is not based upon a conviction for a felony that is defined as a "serious and/or violent felon[y] by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) We disagree.

Under section 667.5, subdivision (c)(8) a violent felony is "[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7, 12022.8, or 12022.9," among other bases. (§ 667.5, subd. (c)((8).) Appellant was convicted of a felony, assault with a deadly weapon or force likely to produce great bodily injury, where it was separately charged and proven as provided in section 12022.7, former subdivision (a), that appellant personally inflicted great bodily injury on a person other than an

---

**4**    Citing *People v. Bradford* (2014) 227 Cal.App.4th 1322 and *People v. Arevalo* (2016) 244 Cal.App.4th 836, appellant contends the burden of proof is beyond a reasonable doubt. While such a distinction would make no difference in this case, like the court in *People v. Berry* (2015) 235 Cal.App.4th 1417, 1428, we are not convinced by the arguments for a higher burden at this time. The concerns underlying the rationale for a higher burden can be cured through proper application of settled principles of review.

4

accomplice in the commission of his assault.[5]  Staying imposition of appellant's sentencing enhancement under section 12022.7 does not change the fact that appellant was convicted and sentenced for a felony, assault, which met the requirements of a violent felony under section 667.5.[6]

Appellant argues that his sentence was imposed for a violation of section 245 only. Appellant contends that staying the sentence on his conviction under section 12022.7 took his punishment out of the serious or violent felony category.  But, as suggested above, the statutory scheme does not support this argument.  To accept appellant's argument would require we read out at least two other categories of serious felony convictions that work as disqualifying factors under Penal Code section 1192.7, subdivision (c).  These are the disqualifications when convicted for "any felony in which the defendant personally uses a firearm," and "any felony offense, which would also constitute a felony violation of Section 186.22."  (§ 1192.7, subd. (c)(8), (28)).  The broad language of sections 667.5 and 1192.7 regarding what constitutes a serious or violent felony shows that the determination is not based on the specific conviction supporting the sentence, but the conduct underlying that conviction.

Appellant's sentence was imposed for a conviction which qualifies as a serious or violent felony under both sections 667 and 1192.7.  As such, he is ineligible for a recall of his sentence.

---

[5]  Although we need not reach this issue here, it is notable that a conviction under section 12022.7, former subdivision (a) in 1994 required showing personal infliction of great bodily injury by one who acted "with the intent to inflict such injury."  (§ 12022.7, former subd. (a), as amended by Stats. 1993, ch. 608, § 2.)  As such, despite appellant's claim, the record suggests appellant was also ineligible under section 1170.126, subdivision (e)(2).)

[6]  Appellant's conviction under section 245 also satisfies the requirements for a serious felony under section 1192.7 which defines a serious felony as "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice."  (§ 1192.7, subd. (c)(8).)

## DISPOSITION

The order is affirmed.