Filed 6/6/16  P. v. Guzman CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRIAN JOHNATHAN GUZMAN,<br><br>    Defendant and Appellant. | B262276<br><br>(Los Angeles County<br>Super. Ct. No. KA107404) |

APPEAL from an order of the Superior Court of Los Angeles County, Tia Fisher, Judge.  Reversed and remanded.

Trenton C. Packer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Defendant and appellant Brian Johnathan Guzman appeals the trial court's order denying his petition for resentencing pursuant to Proposition 47, the Safe Neighborhoods and Schools Act. The trial court determined Guzman was eligible for resentencing, but denied the petition based on its discretionary finding that resentencing would pose an unreasonable risk of danger to public safety. Because the trial court employed an incorrect standard and relied on facts not supported by the record before it, we reverse and remand for a new hearing.

BACKGROUND

1. *The current offense*

On October 1, 2014, pursuant to a negotiated disposition, Guzman pleaded no contest to a felony violation of Health and Safety Code section 11377, subdivision (a), possession of a controlled substance, methamphetamine. Guzman also admitted suffering a 2010 conviction for making criminal threats in violation of Penal Code section 422, a "strike" offense.[1]  (§§ 667, subd. (d), 1170.12, subd. (b).)  In accordance with the agreed upon sentence, the trial court sentenced Guzman to 32 months in prison.

Just over a month later, on November 4, 2014, the electorate enacted Proposition 47, which went into effect the following day. (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1328; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 reclassified certain drug and theft offenses to misdemeanors, unless committed by ineligible defendants. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308; *People v. Diaz, supra,* at pp. 1327-1328.)  As pertinent here, Proposition 47 reduced possession of methamphetamine in violation of Health and Safety Code section 11377 from a "wobbler" to a misdemeanor, unless the defendant is required to register as a sex offender pursuant to section 290 or has one or more prior convictions for an offense enumerated in section 667, subdivision (e)(2)(C)(iv), sometimes known as "super strikes."  (See *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)  Proposition 47 also enacted

---

[1] All further undesignated statutory references are to the Penal Code.

section 1170.18, which created a procedure whereby an eligible defendant who has suffered a felony conviction of one of the reclassified crimes can petition to have it redesignated a misdemeanor. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879; *People v. Lynall, supra,* at p. 1109.) Section 1170.18 lists Health and Safety Code section 11377 as an offense eligible for resentencing. (§ 1170.18, subd. (a).)

2. *The petition and resentencing hearing*

On December 22, 2014, the public defender's office filed a petition on Guzman's behalf requesting that he be resentenced as a misdemeanant pursuant to Proposition 47. The petition averred Guzman had no disqualifying prior convictions, had never been convicted of an offense requiring sex offender registration, and resentencing did not present an unreasonable risk Guzman would reoffend. On December 31, 2014, Guzman, acting in propria persona, filed a second petition for recall and resentencing.

At the January 14, 2015 hearing on the petitions, Guzman was present and represented by counsel. The trial court determined, without objection from the People, that Guzman was eligible for resentencing. It then turned to the issue of whether resentencing posed an unreasonable risk of danger to public safety. On its own motion, the court had obtained a copy of Guzman's "rap sheet"; it also had before it a copy of the plea agreement and the 2014 preplea report. During the hearing, the court stated, "The burden on these motions is on the defense. At the same time, the People aren't offering anything in conflict of that."

The trial court's review of Guzman's criminal history, based on the preplea report and the Criminal Investigation and Identification (CII) "rap sheet," was as follows. In August 2004, Guzman had a sustained juvenile petition for making unlawful 911 calls (§ 653x, subd. (a)), and was placed in camp community placement. In November 2005 he was placed home on probation after a juvenile petition alleging felony vandalism was sustained. (§ 594, subd. (a).) In March 2007, another petition alleging felony vandalism was sustained and Guzman was again placed in camp community placement.

3

In April 2008 Guzman was convicted of misdemeanor battery upon a current or former spouse, fiancé, cohabitant, or child's parent (§ 243, subd. (e)(1)).  He was placed on three years summary probation and ordered to serve 20 days in jail.  On April 24, 2008, he was convicted of robbery (§ 211), placed on three years formal probation, and ordered to serve 134 days in jail.  At the January 2015 resentencing hearing, the court reasoned that the 2008 robbery was likely not serious and did not involve the use of a weapon, given the grant of probation.

On July 10, 2010, Guzman was convicted of making criminal threats (§ 422) and sentenced to two years in prison.  At the January 2015 resentencing hearing, the trial court observed, based on its review of the CII rap sheet, that the 2010 matter had been resolved by a "plea disposition."  Two other charges, for assault with a firearm and felon in possession of a firearm, as well as a section 186.22 gang enhancement, had been dismissed.  At the resentencing hearing, the court opined that "what . . . concerns me the most in terms of the dangerousness assessment" was the 2010 criminal threats case.  The court stated: "It's that plea disposition, clearly charges were dismissed, but based on the CII *it appears as if in addition to the 422 that* [*Guzman*] *may well have admitted – couldn't tell by looking, but well may have admitted the 186.22 allegation.*"  (Italics added.)

In December 2010, probation was revoked in the robbery case as a result of the criminal threats conviction.  The court imposed a five-year prison sentence on the robbery, to run concurrently with the sentence on the criminal threats conviction.  Guzman was released on parole in April 2014.  Due to a violation he was returned to custody and released on September 2, 2014.  The 2014 preplea report indicated that while on parole Guzman had had several parole violations, including "gang association, use of narcotics, failure to report, [and] possession of alcohol."  He had also tested positive for narcotics and was removed from a drug rehabilitation program due to a curfew violation.

At the January 2015 resentencing hearing, the trial court also noted, apparently in regard to the 2014 preplea report: "Probation records, relative to the gang membership

4

that the People have addressed, poor supervision on parole." The rap sheet listed Guzman's monikers as "Snipes" and "Spooks."

Four days after being released on parole, Guzman committed the current offense. According to the 2014 preplea report, on September 6, 2014, at approximately 10:00 p.m., officers observed Guzman holding a beer in violation of a municipal code provision. Upon conducting a parole search they discovered 0.28 grams of methamphetamine in the lining of Guzman's cap.

Based on the foregoing, the prosecutor argued that Guzman's gang membership precluded resentencing. The prosecutor averred that the preplea report stated Guzman was a gang member, and Guzman was "full of tattoos. He's got tattoos on his face, on his neck. [¶] To continue in the gang lifestyle . . . in and of itself" was a strong indication Guzman was likely to commit a "super strike" offense if resentenced. Defense counsel countered that the tattoos were old; Guzman had not been involved in gang activity for five years; his priors were run-of-the-mill; and it was a "very large leap" to reason that because "at some point" Guzman was a gang member, he was likely to commit a super strike offense if released.

The trial court determined that resentencing Guzman posed an unreasonable risk to public safety and denied the petition. It declined to consider Guzman's tattoos as evidence of gang membership, reasoning that tattoos were ubiquitous and did not "connect" to the dangerousness assessment.

However, the trial court viewed Guzman's criminal history as "unique." It observed that Guzman had been arrested for the current crime within four days of his release on parole. He had also violated parole. "The convictions for threatening a crime and a street gang act – so the context of the 422, based on the CII, *it's fair to assume* is not domestic violence. It's street gang and involving a firearm while on probation on a 211. And this new offense occurred in very, very short order after parole, after already having been violated. [¶] And in the context of this entire record as to Mr. Guzman, I don't see Mr. Guzman's criminal history and this conduct that I've set forth as that sort of

5

average everyday young gang member. I'm not willing to look at it that way." (Italics added.) The court noted that Guzman had a supportive family and a drug problem. But, the court further reasoned: "And it is my view that the pivotal determination on [the issue of public safety] is this most recent 2010 that violated, the 211 with the gun, with the gang allegation, with the violation of parole and everything I've read into the record . . . [¶] I think that a release under [section] 1170.18 . . . would result in an unreasonable risk to public safety. This court is of the view that that public safety would be murder, attempt murder. [¶] And very specifically, there are a lot [of] crimes that carry life in prison, but I think it's important to acknowledge as well in this circumstance that a 211—there's also a felony murder rule. *But if it weren't for that most recent gang activity with the firearm, I'd be resentencing; but I'm not*." (Italics added.) Continuing, the court explained: "I have handled untold felony jury trials involving murders, attempted murders, and . . . probably over 50 percent of those cases have been gang involved. And many, many, many of those gang involved murders and attempted murders are cases where the defendant has been using methamphetamine and/or alcohol and/or substances. It is a very lethal combination of factors on the street . . . methamphetamine, gang membership, active gang membership." "And this, in the context of a person who has exhibited a lack of control consistently, and a lack of impulse control, battery, misdemeanor, vandalism as a young person, multiple violations, drugs, a lack of control, a young 25-year-old man, gang member with a history of possession of firearms in the context of a [section] 422 and the methamphetamine, all combin[e] to create a circumstance where there is an unreasonable risk." Accordingly, the trial court denied the resentencing petition.

Guzman appeals the trial court's order. (See *Teal v. Superior Court* (2014) 60 Cal.4th 595.)

## DISCUSSION

1. *Applicable legal principles*

Section 1170.18 provides that a "person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor" under Proposition 47, may "petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing." (§ 1170.18, subd. (a); see *People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1308-1309.) If the petitioner satisfies the statutory criteria, the trial court must resentence him, "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

Section 1170.18 defines "unreasonable risk of danger to public safety" as "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667," i.e., a super strike offense: enumerated sex crimes; any attempted homicide or homicide offense; vehicular manslaughter while intoxicated; solicitation to commit murder; assault on a peace officer or firefighter with a machine gun; possession of a weapon of mass destruction; and any serious and/or violent felony offense punishable by life imprisonment or death. (§ 1170.18, subd. (c); see *People v. Hoffman, supra,* 241 Cal.App.4th at pp. 1309-1310; § 667, subd. (e)(2)(C)(iv).) Section 1170.18 specifies factors for the trial court's consideration when making the dangerousness inquiry: "(1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes. [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated. [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b)(1)-(3).)

7

Section 1170.18 thus contemplates a three-step process. Upon the defendant's filing of a petition for recall and resentencing, the trial court must first determine whether the petitioner is eligible, that is, whether he would have been guilty of a misdemeanor had Proposition 47 been in effect when he committed the offense, and whether he has suffered a disqualifying offense. Second, if the court determines the defendant is eligible, it must then make the factual determination of whether reduction of petitioner's sentence would present an unreasonable risk of danger to public safety. Third, if the prisoner is eligible and resentencing would not pose an unreasonable risk of danger, the court must actually resentence him. (See *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1299 [construing similar resentencing procedure for Proposition 36, § 1170.126].)

A petitioner seeking resentencing under section 1170.18 bears the *initial* burden of establishing he or she is eligible for resentencing, that is, the facts upon which his or her eligibility is based. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137; *People v. Sherow, supra,* 239 Cal.App.4th at pp. 879-880; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450.) However, the People have the burden to establish, by a preponderance of the evidence, that resentencing would pose an unreasonable risk of danger to public safety. (See *People v. Superior Court (Kaulick), supra,* 215 Cal.App.4th at pp. 1301-1305 [construing Proposition 36, section 1170.126]; *People v. Flores* (2014) 227 Cal.App.4th 1070, 1075-1076 [same]; *People v. Florez* (2016) 245 Cal.App.4th 1176, 1186 [for purposes of Proposition 36 resentencing, the facts considered by the trial court in making the dangerousness determination must be established by the People by a preponderance of the evidence]; Couzens & Bigelow, Proposition 47: "The Safe Neighborhoods and Schools Act" (May 2016) p. 50 <http://www.courts.ca.gov/documents/Prop-47-Information.pdf > [as of June 3, 2016] (hereinafter "Proposition 47").)

The parties agree that because section 1170.18 provides that the dangerousness determination is within the trial court's discretion, we review its ruling for abuse of

discretion. " 'Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion "must not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. [Citations.]" ' " (*People v. Williams* (2013) 58 Cal.4th 197, 270-271; *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124-1125.) A trial court abuses its discretion when the factual findings underlying its decision are unsupported by the evidence, or when its decision is based on an incorrect legal standard. (*People v. Cluff* (2001) 87 Cal.App.4th 991, 998; *People v. Knoller* (2007) 41 Cal.4th 139, 156; *People v. Iraheta* (2014) 227 Cal.App.4th 611, 619.) It is the defendant's burden to demonstrate an abuse of discretion. (See *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978.)

2. *Application here*

Guzman argues that the trial court abused its discretion by (1) impermissibly placing the burden on him to establish resentencing did not pose an unreasonable risk of danger; (2) using his status as a purported gang member as the dispositive factor in denying the petition; and (3) relying on speculation alone to find dangerousness. The People counter that the trial court correctly allocated the burden of proof, and its decision was appropriately based on Guzman's conduct rather than on his perceived status as a gang member.

a. *Burden of proof*

We conclude that the trial court erred in two respects. First, the court incorrectly allocated the burden of proof on the dangerousness inquiry. We explained in *People v. Superior Court (Kaulick), supra,* 215 Cal.App.4th 1279 in the context of resentencing pursuant to Proposition 36, the Three Strikes Reform Act of 2012, that the prosecution bears the burden of establishing dangerousness by a preponderance of the evidence. (*Id.* at pp. 1301-1305; *People v. Esparza* (2015) 242 Cal.App.4th 726, 741-745.) Proposition 47 and Proposition 36 use identical language when describing the trial court's discretionary determination (defendant shall be resentenced "unless the court, in its

9

discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety"). (§§ 1170.18, subd. (b); 1170.126, subd. (f).) Both statutes list identical factors for the court's consideration when making the dangerousness determination. (Compare §§ 1170.18, subd. (b)(1)-(3) with 1170.126, subd. (g)(1)-(3); Couzens & Bigelow, Proposition 47, *supra,* at p. 6 [in light of the striking similarities between the statutes, appellate interpretation of Proposition 36 is likely relevant to interpretation of Proposition 47].)[2] Accordingly, our analysis in *Kaulick* applies to the Proposition 47 dangerousness determination as well.

The People argue that the trial court correctly placed the burden on Guzman to prove resentencing did not pose an unreasonable risk of danger. But the cases the People cite do not support their point. *People v. Sherow, supra,* 239 Cal.App.4th 875 and *People v. Rivas-Colon, supra,* 241 Cal.App.4th 444, held that the defendant has the *initial* burden to make the threshold eligibility showing. Neither case addressed the burden of proof on the dangerousness inquiry. In *Sherow,* for example, the defendant argued the People had to prove, in a theft case, that the amount of loss exceeded $950. (*People v. Sherow*, at pp. 877-878.) *Sherow* rejected this argument, concluding that the defendant "had the burden to show the property loss . . . did not exceed $950 and thus fell within the new statutory definition of shoplifting." (*Id.* at p. 877; see Couzens and Bigelow, Proposition 47, *supra,* at p. 42 ["The petitioner will have the initial burden of establishing eligibility for resentencing under section 1170.18(a): *i.e.*, whether the petitioner is currently serving a felony sentence for a crime that would have been a misdemeanor had Proposition 47 been in effect at the time the crime was committed"; if the crime was a

---

**2**     Unlike Proposition 47, Proposition 36 does not contain a definition of "unreasonable risk of danger to public safety." (See § 1170.18, subd. (c).) Our Supreme Court is currently considering whether Proposition 47's definition of unreasonable risk of danger to public safety applies in Proposition 36 resentencing proceedings. (*People v. Chaney* (2014) 231 Cal.App.4th 1391, review granted Feb. 18, 2015, S223676; *People v. Valencia* (2014) 232 Cal.App.4th 514, review granted Feb. 18, 2015, S223825.) That question is not at issue here.

10

theft offense, "the petitioner will have the additional burden of proving the value of the property did not exceed $950"].)

Here, it is evident the trial court believed Guzman bore the burden to establish resentencing would not pose an unreasonable risk of danger to public safety. As noted, during the resentencing hearing the court stated, in regard to the dangerousness assessment, that the "burden on these motions is on the defense." It does not appear the People made any evidentiary showing; the trial court obtained Guzman's "rap sheet" on its own motion and the People were not in possession of Guzman's file at the hearing. After confirming that the People did not have a copy of Guzman's file, the court stated that nonetheless, the People "may have some information in there on those criteria that the court is tasked with evaluating." These comments, among others, illustrate that the court was operating under the assumption the burden was Guzman's. We cannot say, on the record before us, that this error was harmless. As the People presented no evidence, the trial court's decision was based entirely on the limited record before it. Guzman's conviction history did not present an overwhelming basis for the dangerousness finding. Further, as discussed *post*, at least one of the court's key conclusions was based on speculation. Under these circumstances, we cannot say the court's misstep was harmless. (See *People v. Esparza, supra,* 242 Cal.App.4th at pp. 741-745.)

b. *Evidence of gang membership*

Second, as noted, the trial court appears to have relied on speculation for at least one fact crucial to its dangerousness determination, that is, that Guzman was a current, active gang member. Based on counts dismissed pursuant to a plea bargain, the trial court assumed the 2010 criminal threats conviction was a gang-related crime in which Guzman had used a gun. Although the court admittedly could not determine, by examining the rap sheet, whether Guzman had admitted a section 186.22 gang allegation in connection with the 2010 offense, it assumed Guzman "may well have" done so. The court further reasoned "it's fair to assume" the 2010 criminal threats conviction involved street gang activity with a firearm. The problem with the court's analysis is that

11

assumptions and speculation cannot substitute for evidence. "A trial court abuses its discretion when the factual findings critical to its decision find no support in the evidence. . . . '[I]t would seem obvious that, if there were no evidence to support the decision, there would be an abuse of discretion.' " (*People v. Cluff, supra,* 87 Cal.App.4th at p. 998; *People v. Esparza, supra,* 242 Cal.App.4th at p. 745.) There was scant evidence in the record demonstrating Guzman was, at the time of the resentencing hearing, a current, active gang member. The preplea report stated Guzman had violated parole by engaging in "gang association," but did not elaborate on the nature, frequency, or dates of the association. It was undisputed that prior to his incarceration Guzman was a gang member, and the rap sheet indicated he had used monikers. But there was no evidence of the extent of Guzman's gang involvement at the time of the hearing. When determining dangerousness, the question is whether the defendant *currently* poses a danger. (See *People v. Esparza, supra,* at p. 745; Couzens and Bigelow, Proposition 47, *supra,* at pp. 52-53.) Certainly, a defendant's past history is relevant to this question. But here, the trial court's conclusion appears to have been colored by its assumption that Guzman admitted a gang allegation in regard to the 2010 criminal threats crime. The assumption that the 2010 crime was gang related was crucial to the court's ruling; the court explained that "if it weren't for that most recent gang activity with the firearm, I'd be resentencing." Therefore, "the trial court's analysis became disconnected from the evidence presented," and its finding was an abuse of discretion. (See *People v. Esparza, supra,* at p. 744.)

c. *A new resentencing hearing is required*

The trial court's misallocation of the burden of proof, coupled with its reliance on assumptions, rather than evidence, constituted an abuse of discretion. Therefore, a new resentencing hearing is required.

Guzman argues that the matter should be remanded with instructions to the trial court to grant the petition. He argues the People cannot carry their burden to prove, by a preponderance of the evidence, that resentencing would pose an unreasonable risk of

12

danger to public safety. We disagree. The court – and apparently the People – were under the erroneous impression that Guzman had the burden of establishing his early release did not pose a danger. Therefore, the People did not attempt to make the requisite showing. There is no indication that they would be unable to do so on remand. Evidence that a defendant is a current, active gang member, who has used a firearm in making gang-related criminal threats, and who is a current user of methamphetamine, is relevant to the determination of current dangerousness. As the trial court found, if supported by the evidence, this is a potentially lethal combination of factors, especially when the defendant's criminal conduct a mere four days after being released on parole demonstrates his unwillingness or inability to comply with the law.

Guzman also argues that the trial court should be instructed it "cannot rely so extensively on appellant's gang membership when deciding the petition." Relying on the precept that mere active and knowing participation in a criminal street gang is not a crime (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1130), he contends the petition cannot be denied solely on the basis of his purported gang membership. But Guzman is not being punished for his gang membership; his sentence was imposed for his conviction on the current offense, possession of methamphetamine. In making the dangerousness inquiry on a Proposition 47 resentencing petition, it cannot seriously be contended that a petitioner's past history of gang crimes and/or current gang membership must be excluded from the court's calculus. Section 1170.18, subdivision (b)(3), states that in exercising its discretion, the trial court may consider, in addition to the petitioner's criminal history and disciplinary record while incarcerated, "[a]ny other evidence the court, within its discretion, determines to be relevant." Gang activity and membership certainly fall within that category. When enacting the Street Terrorism Enforcement and Prevention Act, section 186.20 et seq., our Legislature found "California is in a state of crisis which has been caused by violent street gangs whose members threaten, terrorize, and commit a multitude of crimes against the peaceful citizens of their neighborhoods. *These activities, both individually and collectively, present a clear and present danger to*

13

*public order and safety* and are not constitutionally protected." (§ 186.21, italics added.) As we explained in *In re H.M.* (2008) 167 Cal.App.4th 136: "As recognized by our Supreme Court, the threat posed by violent street gangs 'is of the most serious dimensions and state policy urgently seeks its alleviation. The Legislature has said as much, and the Official Reports are replete with examples of the problem.' [Citation.] . . . [¶] It is . . . common knowledge that members of criminal street gangs often carry guns and other weapons. 'When rival gangs clash today, verbal taunting can quickly give way to physical violence and gunfire. No one immersed in the gang culture is unaware of these realities, and we see no reason the courts should turn a blind eye to them.' [Citations.]" (*Id.* at p. 146.) We do not suggest that gang membership alone may suffice to establish resentencing poses an unreasonable risk of dangerousness. But neither can a court ignore such evidence. On remand the trial court may consider evidence related to Guzman's past and current gang membership and activities.

Finally, to the extent Guzman suggests the trial court must limit its consideration of his prior criminal history to actual convictions or true findings on enhancements, we disagree. Nothing in the statutory language suggests the court's inquiry is so circumscribed.[3] As Couzens and Bigelow explain, in conducting the dangerousness

---

[3]    It "is well settled under California law that in cases involving plea agreements, it is 'improper and unfair to permit the sentencing court to consider any of the facts underlying [a] dismissed count . . . for purposes of aggravating or enhancing defendant's sentence' " unless the defendant consents or a transactional relationship exists between the admitted charge and the dismissed charge. (*People v. Berry* (2015) 235 Cal.App.4th 1417, 1426; *People v. Martin* (2010) 51 Cal.4th 75, 77; *People v. Harvey* (1979) 25 Cal.3d 754, 758.) For purposes of Proposition 36's *initial eligibility* finding, a court may not rely on facts underlying counts upon which the defendant was acquitted (*People v. Arevalo* (2016) 244 Cal.App.4th 836, 847-848) or counts or allegations that were dismissed pursuant to a plea agreement (*People v. Berry, supra,* at pp. 1425-1426). On the other hand, when sentencing a defendant after a trial, a court is not prohibited from considering evidence underlying charges of which a defendant has been acquitted. (*People v. Towne* (2008) 44 Cal.4th 63, 71.) Guzman does not contend the trial court violated *Harvey* by considering conduct underlying counts that were dismissed as a result of the 2010 plea agreement, nor did he make such an objection below. The parties do not discuss whether, or how, the foregoing principles apply in the instant matter. Therefore,

14

inquiry, "It is clear that since the court has the authority to consider any relevant evidence, the inquiry is not limited to the record of conviction."  (Couzens and Bigelow, Proposition 47, *supra,* at p. 54; cf. *People v. Arevalo, supra,* 244 Cal.App.4th at p. 852 ["the People can . . . present new evidence at the discretionary resentencing stage in order to show that an otherwise eligible defendant is too dangerous to be released"], citing *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1349 (conc. opn. of Raye, P. J.).)

## DISPOSITION

The order is reversed.  The matter is remanded for further proceedings consistent with the opinions expressed herein.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ALDRICH, Acting P. J.



We concur:



LAVIN, J.



HOGUE, J.*

_____

and in light of the limited record before us, we express no opinion on the issue.

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

15